ATTORNEY FOR APPELLANT
Darren Bedwell
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Steve Carter
Attorney General of Indiana

Zachary J. Stock
Deputy Attorney General
Indianapolis, Indiana

# In the
# Indiana Supreme Court

**FILED**

May 21 2008, 10:50 am

*[signature]*

**CLERK**
of the supreme court,
court of appeals and
tax court

No. 35S02-0709-CR-376

TIMOTHY RAY CREECH,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Huntington Circuit Court, No. 35C01-0605-FC-24
The Honorable Thomas M. Hakes, Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 35A02-0612-CR-1140

**May 21, 2008**

**Shepard, Chief Justice.**

The question here is whether a criminal defendant can, as part of a plea agreement, waive his right to appeal a discretionary sentencing decision. We hold that a defendant can do so, as long as the waiver is knowing and voluntary.

**Facts and Procedural History**

In May 2006, Timothy Ray Creech was charged with one count of child molesting as a class C felony. See Ind. Code Ann. § 35-42-4-3(b) (West 2007). Creech and the State subsequently tendered a plea agreement that left Creech's sentence to the discretion of the trial judge but capped the executed portion at six years. The agreement also contained the following paragraph:

> I understand that I have a right to appeal my sentence if there is an open plea. An open plea is an agreement which leaves my sentence to the Judge's discretion. I hereby waive my right to appeal my sentence so long as the Judge sentences me within the terms of my plea agreement.

(App. at 38.) The judge did not question Creech about this provision at the guilty plea hearing or at the sentencing hearing.

The court sentenced Creech to a six-year executed term. At the conclusion of the sentencing hearing, after Creech had pled and his sentence had been pronounced, the judge advised Creech that he had the right to appeal his sentence. In its sentencing order, the trial court expressly accepted Creech's plea but also stated that "[t]he Court advises the defendant of his right to appeal." (Id. at 46-47.)

On appeal, Creech argues that he did not knowingly and voluntarily waive his right to appellate review and that his sentence is inappropriate. The Court of Appeals held that Creech had waived his right to a direct appeal of his sentence, stating "[t]he fact that the trial court did not engage Creech in a colloquy at the guilty plea hearing regarding the effect of this waiver provision . . . does not invalidate it." Creech v. State, No. 35A02-0612-CR-1140, slip op. at 2 (Ind. Ct. App. Aug. 6, 2007). We granted transfer.

**I.     Waiving Direct Appellate Review of a Sentencing Decision**

Though the weight of Creech's brief is to urge that his agreement to waive appeal was not voluntary and intelligent, he also presents a question of first impression: whether such waivers

2

should be enforceable at all. The opportunity for appeal is the prevailing rule. If a defendant's sentence is not fixed by a plea agreement, for example, a defendant "who pleads guilty is entitled to contest on direct appeal the merits of a trial court's sentencing decision." Collins v. State, 817 N.E.2d 230, 231 (Ind. 2004). The same is true even when the defendant agrees to a sentencing cap or range. Childress v. State, 848 N.E.2d 1073 (Ind. 2006).

The issue here is whether, through a plea agreement, a defendant can waive altogether this right to appellate review of his sentence. Of course, defendants who bargain to plead guilty in return for favorable outcomes "give up a plethora of substantive claims and procedural rights." Games v. State, 743 N.E.2d 1132, 1135 (Ind. 2001). For instance, when a defendant pleads guilty, he waives the right to appeal his conviction. Collins, 817 N.E.2d at 231. And, there are circumstances in which we already recognize a defendant's decision to forego appeal. When a defendant pleads guilty and agrees to a specific sentence, he waives his right to challenge the propriety of his sentence. Hole v. State, 851 N.E.2d 302, 304 (Ind. 2006).

The Seventh Circuit has declared, aligning itself with virtually every other federal court of appeals, that defendants "may waive their right to appeal as part of a written plea agreement . . . as long as the record clearly demonstrates that it was made knowingly and voluntarily." United States v. Williams, 184 F.3d 666, 668 (7th Cir. 1999).[1] The Seventh Circuit "has consistently upheld valid appeal waivers and dismissed appeals taken in contravention." Id.

As aptly described by the Seventh Circuit, a defendant's waiver of appellate rights can be of substantial benefit to both the defendant and society:

> [D]efendants are free to waive their rights, to exchange them for other things that they value more highly. They exchange jury trials for lower sentences—and there is no reason why defendants cannot do the same with rights to appeal. An

---

[1] See United States v. De-La-Cruz Castro, 299 F.3d 5 (1st Cir. 2002); United States v. Djelevic, 161 F.3d 104 (2nd Cir. 1998); United States v. Khattak, 273 F.3d 557 (3rd Cir. 2001); United States v. Wiggins, 905 F.2d 51 (4th Cir. 1990); United States v. Melancon, 972 F.2d 566 (5th Cir. 1992); Hunter v. United States, 160 F.3d 1109 (6th Cir. 1998); United States v. Ashe, 47 F.3d 770, 775-76 (6th Cir. 1995) ("Any right, even a constitutional right, may be surrendered in a plea agreement if that waiver was made knowingly and voluntarily."); United States v. Feichtinger, 105 F.3d 1188, 1190 (7th Cir. 1997) ("the right to appeal is a statutory right, and like other rights—even constitutional rights—which a defendant may waive, it can be waived in a plea agreement"); United States v. Williams, 160 F.3d 450 (8th Cir. 1998); United States v. Schuman, 127 F.3d 815 (9th Cir. 1997); United States v. Hernandez, 134 F.3d 1435 (10th Cir. 1998); United States v. Buchanan, 131 F.3d 1005 (11th Cir. 1997).

appeal requires the prosecutor's office to spend time researching the record, writing a brief, and attending oral argument. All of this time could be devoted to other prosecutions; and a promise that frees up time may induce a prosecutor to offer concessions. A defendant who values these concessions will waive his rights in order to obtain them. The process makes both society and the defendant better off. To make a given right ineligible for waiver would stifle this process and imprison the defendant in his privileges.

United States v. Hare, 269 F.3d 859, 861 (7th Cir. 2001).

While the matter is not free from doubt, we find this reasoning persuasive. Accordingly, we hold that a defendant may waive the right to appellate review of his sentence as part of a written plea agreement. This holding does not affect our very long-standing policy that a defendant who can establish in a post-conviction proceeding that his plea was coerced or unintelligent is entitled to have his conviction set aside. So it has been since the days of *coram nobis*. Myers v. State, 115 Ind. 554, 18 N.E. 42 (1888) (plea induced by false promises rendered to a defendant acting without legal representation should be set aside); Sanders v. State, 85 Ind. 318 (1882) (prisoner whose plea was induced by fear of a lynch mob entitled to withdraw his plea and have a trial).

Moreover, we do not mean to alter our case law invalidating provisions that waive post-conviction rights. Provisions in plea agreements that waive a defendant's right to seek post-conviction relief remain void and unenforceable. See Majors v. State, 568 N.E.2d 1065 (Ind. Ct. App. 1991).

## II.    Did Creech Waive Direct Appellate Review?

Creech argues that, despite the express language of the written plea agreement, he should not be deemed to have waived his right to appellate review of his sentence because (1) the judge advised him that he retained the right to appeal and (2) the trial judge made no express or implied finding that Creech intended to waive his appellate rights. We disagree.

4

The Seventh Circuit has observed that "[m]ost waivers are effective when set out in writing and signed." United States v. Wenger, 58 F.3d 280, 282 (7th Cir. 1995). "The content and language of the plea agreement itself, as well as the colloquy where necessary, govern [the] determination as to the validity of the waiver." Williams, 184 F.3d at 668. "[A] specific dialogue with the judge is not a necessary prerequisite to a valid waiver of appeal, if there is other evidence in the record demonstrating a knowing and voluntary waiver." United States v. Agee, 83 F.3d 882, 886 (7th Cir. 1996).

In Williams, the defendant argued that he did not knowingly and voluntarily waive his right to appeal, despite the express language in the written plea agreement, because the court, through certain statements at the sentencing colloquy, led him to believe that he retained the right to appeal. 184 F.3d at 668-69. At the plea hearing, the judge told the defendant that "[he] waived [his] right to appeal" in the plea agreement, but "under certain circumstances [he] might nevertheless be able to appeal[,] and there are certain rights [he] may have left." Id. at 669. The Seventh Circuit acknowledged that the district court's statements were unclear, but nonetheless upheld the waiver stating that "'inventiveness with the aid of hindsight is the principal threat to the stability of plea agreements, and therefore the major hazard to defendants' ability to obtain concessions for the rights they surrender.'" Id. (quoting Wenger, 58 F.3d at 283.) The Court further emphasized that the defendant should not be freed from his bargain merely because the Court could "'imagine potential changes in the procedures . . . used'" or "envision a more precise colloquy." Id. (quoting Wenger, 58 F.3d at 283).

Similarly, Creech argues that he did not knowingly and voluntarily waive his right to appeal, despite the express language in the written plea agreement, because the court made statements at the close of the sentencing hearing that led him to believe that he retained the right to appeal. While we take this opportunity to emphasize the importance of avoiding confusing remarks in a plea colloquy, we think the statements at issue are not grounds for allowing Creech to circumvent the terms of his plea agreement.

Creech does not claim that the language of the plea agreement was unclear or that he misunderstood the terms of the agreement at the time he signed it, but rather claims that his

5

otherwise knowing and voluntary plea lost its knowing and voluntary status because the judge told him at the end of the sentencing hearing that he could appeal.[2]

This is not a case in which a defendant failed to pursue a legal right after being instructed erroneously by the trial court that he lacked the ability to do so. See, e.g., Jackson v. State, 853 N.E.2d 138 (Ind. Ct. App. 2006) (where trial court erroneously informed defendant he could not appeal his sentence, defendant presents plausible entitlement to a belated appeal under Post-Conviction Rule 2); Baysinger v. State, 835 N.E.2d 223, 226 (Ind. Ct. App. 2005) (defendant was entitled to file a belated notice of appeal because "the trial court failed to inform [him] of his right to appeal his sentence and instead informed him that by pleading guilty he was giving up 'most' of his grounds for appeal"). In those cases, defendants allege that but for the judge's statements they would have taken a different course of action. In contrast, Creech does not argue that he would have withdrawn his guilty plea or taken any different actions in the absence of the judge's statements.

By the time the trial court erroneously advised Creech of the possibility of appeal, Creech had already pled guilty and received the benefit of his bargain. Being told at the close of the hearing that he could appeal presumably had no effect on that transaction. The federal authorities appear to take the same view.[3]

---

[2] Creech makes this argument in spite of the plea agreement's express provision explaining that if the judge accepts Creech's plea, "the judge must follow the plea agreement." (App. at 32.)

[3] The Sixth Circuit analyzed a similar situation, saying:

> Even if the district court did recite the language of the Rule 32 notification of the right to appeal intending to modify the plea agreement to resurrect [the defendant's] right to appeal, the court lacked the power to make such a modification. 'Nothing in the rules even remotely allows the district court to accept a guilty plea but rewrite the plea agreement, even if the modified agreement is more favorable to the defendant.' '[O]nce an appeal waiver is established to be knowing and intelligent, the waiver may not be held unenforceable because of a district court's erroneous statements at a subsequent proceeding . . . .'

United States v. Fleming, 239 F.3d 761, 764-765 (6th Cir. 2001) (citations omitted). See United States v. Atterberry, 144 F.3d 1299 (10th Cir. 1998) (rejecting defendant's contention that the lower court's routine remarks regarding the right to appeal negated defendant's plea agreement waiver of that right); United States v. Melancon, 972 F.2d 566 (5th Cir. 1992) (rejecting the argument that the district court's misstatement that a defendant retained the right to appeal negated the knowingness of the appeal waiver in his plea agreement and rejecting the argument that the Government waived its right to enforce the agreement by failing to object to the district court's misstatements).

6

As to Creech's second argument that the trial court should have made an express finding as to whether he intended to waive his appellate rights, neither the Indiana Rules of Criminal Procedure nor Indiana Code requires trial courts that accept plea agreements to make express findings regarding a defendant's intention to waive his appellate rights. Acceptance of the plea agreement containing the waiver provision is sufficient to indicate that, in the trial court's view, the defendant knowingly and voluntarily agreed to the waiver.

## Conclusion

We affirm the trial court's sentence.

Dickson, Sullivan, Boehm, Rucker, JJ., concur.