**Michael AKENS, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A05–0912–CR–687.**

Court of Appeals of Indiana.

July 13, 2010.

David P. Freund, South Bend, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Nicole Dongieux Wiggins, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MAY, Judge.

Michael Akens appeals the sentence imposed pursuant to his plea of guilty to child molesting. As the plea agreement does not permit Akens to appeal his sentence, we affirm.

## FACTS AND PROCEDURAL HISTORY

Akens and the State entered a plea agreement that provided in part, "Defendant hereby waives the right to appeal any sentence imposed by the Court, including the right to seek appellate review of the sentence pursuant to Indiana Appellate Rule 7(B), so long as the Court sentences the defendant within the terms of this plea agreement." (App. at 40.) Akens now seeks appellate review pursuant to Rule 7(B), and does not allege his sentence was outside the terms of his plea agreement.

At a combined guilty plea and sentencing hearing, the trial court established Akens had gone over the plea agreement with his attorney and had signed it. The court went over the constitutional rights Akens waived in the agreement, but did not mention his waiver of the right to appeal. At the end of the hearing the court told Akens "Sir, you have the right to appeal this," (Tr. at 20), and Akens' counsel said Akens would appeal because of the length of the sentence. The court said "We'll note to appoint him for [sic] pauper appellate counsel to review that sentence. You have that right, even entering the plea agreement." (Id. at 20–21.)

## DISCUSSION AND DECISION

A defendant may waive the right to appellate review of his sentence as part of a written plea agreement. *Creech v. State*, 887 N.E.2d 73, 75 (Ind.2008). Creech and the State entered into a plea agreement, which provided "I hereby waive my right to appeal my sentence so long as the Judge sentences me within the terms of my plea agreement." *Id.* at 74. There, as in the case before us, the trial court advised Creech at the conclusion of the sentencing hearing that he had a right to appeal his sentence even though the plea agreement included a waiver of that

right. Creech argued on appeal he did not knowingly, voluntarily, and intelligently waive his right to appeal his sentence because the trial court's statement at the close of the sentencing hearing gave him the impression he still had that right. Our Indiana Supreme Court rejected his argument:

> Creech does not claim that the language of the plea agreement was unclear or that he misunderstood the terms of the agreement at the time he signed it, but rather claims that his otherwise knowing and voluntary plea lost its knowing and voluntary status because the judge told him at the end of the sentencing hearing that he could appeal.

> \* \* \* \* \* \*

> ■ By the time the trial court erroneously advised Creech of the possibility of appeal, Creech had already pled guilty and received the benefit of his bargain. Being told at the close of the hearing that he could appeal presumably had no effect on that transaction.

*Id.* at 76–77. "[I]t is clear that under *Creech,* a trial court's incorrect advisement at the conclusion of a defendant's sentencing hearing has no effect on an otherwise knowing, voluntary, and intelligent waiver of the right to appeal his sentence." *Ricci v. State,* 894 N.E.2d 1089, 1092 (Ind.Ct. App.2008).

In *Ricci,* we distinguished *Creech* because the trial court had unambiguously stated *at the plea hearing* that according to its reading of the agreement, Ricci had not surrendered the right to appeal his sentence. Under those circumstances, "the trial court accepted the plea agreement, and the prosecuting attorney, the defense attorney, and Ricci entered into the plea agreement with the understanding that Ricci retained the right to appeal his sentence. Accordingly, we conclude [the waiver provision] is a nullity." *Id.* at 1094.

In the case before us *Creech* controls. The trial court's statement that Akens could appeal his sentence was not made until after the court had accepted the plea agreement and entered Akens's sentence. Thus, as in *Creech,* Akens already had received the benefit of his bargain prior to the trial court's misstatement. Because the agreement included Akens's express waiver of his right to appeal his sentence,[1] we affirm.

Affirmed.

BAILEY, J., and BARNES, J., concur.

---

1. Akens notes he did not initial the paragraph including the waiver of his appeal rights, but he did initial the other paragraphs in the agreement. This, he asserts, indicates his "deliberate and therefore intentional refusal to acknowledge the term requiring him to waive his right to appeal his sentence." (Br. of Defendant–Appellant at 11.) He also notes the State "stood silent" when Akens did not initial that paragraph, which silence he characterizes as the State's acquiescence in his unwillingness to waive his appeal rights. Ak-

ens offers no authority to support the premise that a paragraph in a plea agreement a defendant signs has no effect if it is not initialed, or that the State is obliged to assure each paragraph is initialed. We therefore decline to address the effect of Akens' failure to initial that paragraph. *See, e.g., Donaldson v. State,* 904 N.E.2d 294, 301 (Ind.Ct.App.2009) (contention waived pursuant to Ind. Appellate Rule 46(A)(8)(a) when defendant cites to no legal authority).