**Lenn IVY, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 49A04–1010–CR–662.**

Court of Appeals of Indiana.

May 5, 2011.

Lenn Ivy, Correctional Industrial Facility, Pendleton, IN, Appellant Pro Se.

Gregory F. Zoeller, Attorney General of Indiana, Gary R. Rom, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MATHIAS, Judge.

Lenn Ivy ("Ivy"), who is serving a sixteen-year sentence in the Department of Correction, filed a motion to modify his sentence in Marion Superior Court, seeking an alternative placement in a Community Corrections work release program. Ivy's motion was denied and he appeals arguing that the court's master commissioner did not have the authority to rule on his motion. In response, the State asserts that under the terms of his plea agreement, Ivy is precluded from seeking a modification of his sentence. Concluding that Ivy may not seek a modification of his sentence under the terms of his plea agreement, we affirm the denial of his motion to modify his sentence.

### Facts and Procedural History

On August 30, 2004, the State charged Ivy with burglary, as a Class B felony, theft, as a Class D felony, and resisting law enforcement, as a Class A misdemeanor. The trial court later granted the State's motion to add an habitual offender allegation. On May 11, 2005, Ivy pleaded guilty to burglary, as a Class B felony, and to the habitual offender allegation. In exchange for Ivy's plea, the State agreed to dismiss the theft and resisting law enforcement charges.

Ivy agreed to a sixteen-year executed sentence, but the issue of placement was left to the discretion of the trial court. The plea agreement also contained the following provision: "It is further agreed that the sentence recommended and/or imposed is the appropriate sentence to be served pursuant to this agreement and the defendant hereby waives any further request to modify the sentence under I.C. 35-38-1-17." Appellant's App. p. 73.

The trial court sentenced Ivy to six years on the burglary count and enhanced

that sentence by ten years because of Ivy's habitual offender status.[1] At the sentencing hearing, the trial court stated that placement in the Department of Correction was appropriate given Ivy's prior criminal history. However, the court indicated that it would "consider the last two years of the sentence ... [to] an alternative placement through Community Corrections' work release program." *Id.* at 101. Further, the court observed:

> That will be contingent upon the defendant's conduct reports from the Department of Correction[ ] and the defendant's attempts at treatment within the Department of Correction[ ], because the Court is also going to recommend that the defendant be placed at a facility with the Department of Correction[ ] where he can receive drug treatment. And then I'll also note for our records here that the Court will consider the last two years placement through Community Corrections' work release program.

*Id.* at 101–02.

On September 20, 2010, Ivy filed his fourth "Motion for Direct Placement in Community Correction." The chronological case summary indicates that the motion was reviewed by the court's commissioner on September 24, 2010, and the commissioner denied the motion. *Id.* at 67. Ivy now appeals.

## Discussion and Decision

■ First, we address Ivy's argument that Master Commissioner Stanley Kroh did not have the authority to rule on his motion for placement in community corrections because the commissioner failed to "report the findings ... in writing to the judge ... of the division to which [he] is assigned." Appellant's Br. at 6. We restate Ivy's argument as whether Commissioner Kroh had the authority to enter a final judgment on Ivy's motion.

The General Assembly has authorized master commissioners to have the same "powers and duties prescribed for a magistrate under IC 33–23–5–5 through IC 33–23–5–9. A master commissioner shall report the findings in each of the matters before the master commissioner in writing to the judge or judges of the division to which the master commissioner is assigned or as designated by the rules of the court." Ind.Code § 33–33–49–16 (2004). Our court has held that "although a master commissioner must keep the judge apprised of the matters before him, the judge need not approve the signature of the master commissioner's statutorily authorized actions." *Smith v. State*, 893 N.E.2d 1149, 1152 (Ind.Ct.App.2008).

Because magistrates, and therefore master commissioners, are authorized to enter final orders in criminal trials, conduct sentencing hearings, and impose sentences on

---

1. Ivy attempted to appeal pro se the sufficiency of the factual basis for the habitual offender adjudication. His appeal was dismissed because a challenge to an habitual offender adjudication after a guilty plea may only be raised in post-conviction proceedings. *Ivy v. State*, 862 N.E.2d 332, No. 49A02–0603–CR–167 (Ind.Ct.App. Feb. 28, 2007). Ivy then filed a pro se petition for post-conviction relief. Ivy also unsuccessfully appealed the denial of his petition for post-conviction relief. *Ivy v. State*, 896 N.E.2d 934, No. 49A04–0804–PC–208 (Ind.Ct.App. Nov. 13, 2008), *trans. denied.* Ivy filed a second pro se petition for post-conviction relief five days after our court affirmed the denial of his first petition. In that petition he alleged ineffective assistance of counsel and insufficient factual basis for his guilty plea. Our court affirmed the denial of Ivy's second petition for post-conviction relief. *Ivy v. State*, 905 N.E.2d 1103, No. 49A04–0808–PC–478 (Ind.Ct.App. April 30, 2009). Ivy attempted to challenge his sentence again in 2009 by filing a motion to correct erroneous sentence, which was denied, and that denial was affirmed on appeal. *Ivy v. State*, 914 N.E.2d 329, No. 49A02–0903–CR–289 (Ind.Ct.App. Oct. 9, 2009).

convicted persons, we conclude that Commissioner Kroh had the power to enter a final judgment on Ivy's motion to modify his sentence. *See* I.C. § 33–23–5–9 (2004).

The State further argues that Ivy is precluded from filing a motion to modify his sentence under the terms of his plea agreement because he waived "any further request to modify the sentence under I.C. 35–38–1–17." *See* Appellant's App. p. 73. At Ivy's sentencing hearing, and without acknowledging the waiver provision in Ivy's plea agreement, the trial court stated that it would consider modifying Ivy's placement from the Department of Correction to a community corrections work release program for the last two years of his sentence if he received positive conduct reports while in prison.

Our supreme court considered circumstances similar to those presented in this appeal in *Creech v. State*, 887 N.E.2d 73, 76 (Ind.2008). In *Creech,* the defendant argued that "he did not knowingly and voluntarily waive his right to appeal, despite the express language in the written plea agreement, because the court made statements at the close of the sentencing hearing that led him to believe that he retained the right to appeal." Our supreme court rejected the defendant's argument and stated: "While we take this opportunity to emphasize the importance of avoiding confusing remarks in a plea colloquy, we think the statements at issue are not grounds for allowing Creech to circumvent the terms of his plea agreement." *Id.*

> Creech does not claim that the language of the plea agreement was unclear or that he misunderstood the terms of the agreement at the time he signed it, but rather claims that his otherwise knowing and voluntary plea lost its knowing and voluntary status because the judge told him at the end of the sentencing hearing that he could appeal.

> This is not a case in which a defendant failed to pursue a legal right after being instructed erroneously by the trial court that he lacked the ability to do so.... In those cases, defendants allege that but for the judge's statements they would have taken a different course of action. In contrast, Creech does not argue that he would have withdrawn his guilty plea or taken any different actions in the absence of the judge's statements.

> By the time the trial court erroneously advised Creech of the possibility of appeal, Creech had already pled guilty and received the benefit of his bargain. Being told at the close of the hearing that he could appeal presumably had no effect on that transaction.

*Id.* at 76–77. *See also Akens v. State,* 929 N.E.2d 265, 267 (Ind.Ct.App.2010) (quoting *Ricci v. State,* 894 N.E.2d 1089, 1092 (Ind. Ct.App.2008), *trans. denied* ) ("[I]t is clear that under *Creech,* a trial court's incorrect advisement at the conclusion of a defendant's sentencing hearing has no effect on an otherwise knowing, voluntary, and intelligent waiver of the right to appeal his sentence.").

■ Here, similar to the circumstances in *Creech,* the trial court's statements concerning the possible modification of Ivy's sentence are inconsistent with the terms of Ivy's plea agreement. But prior to the sentencing hearing, Ivy agreed to waive "any future request to modify his sentence under I.C. 35–38–1–17." Appellant's App. p. 73. In exchange for his guilty plea and accompanying waivers of certain rights, the State dismissed the theft and resisting law enforcement charges, and agreed to a sixteen-year executed sentence for the B felony burglary conviction and habitual offender adjudication. Ivy does not make any claim that the language of the plea agreement was confusing or misunderstood.

Because Ivy had received the benefit of his bargain prior to the sentencing hearing, the trial court's advisement that he could request a modification with two years remaining on his sentence could not have had any effect on Ivy's decision to enter into the plea agreement with the State. For all of these reasons, we conclude that the trial court's incorrect advisement at Ivy's sentencing hearing had no effect on Ivy's knowing and voluntary waiver of the right to request a modification of his sentence. We therefore affirm the trial court's denial of Ivy's motion to modify his sentence.

Affirmed.

KIRSCH, J., and VAIDIK, J., concur.