**FOR PUBLICATION**

ATTORNEY FOR APPELLANT:

**SUZY ST. JOHN**
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

FILED

Jan 25 2012, 8:54 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TIMOTHY LONG, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1105-CR-381 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Linda Brown, Judge
Cause No. 49F10-1006-CM-045499

**JANUARY 25, 2012**

**OPINION – FOR PUBLICATION**

**SHARPNACK, Senior Judge**

## STATEMENT OF THE CASE

Timothy Long appeals his sentence for Class A misdemeanor operating a vehicle while intoxicated, Ind. Code § 9-30-5-2(b) (2001), and being a habitual substance offender, Ind. Code § 35-50-2-10 (2006). We affirm.

## ISSUE

Long raises one issue, which we restate as: whether the trial judge erred by rejecting the sentence imposed by the master commissioner who presided at the guilty plea hearing.

## FACTS AND PROCEDURAL HISTORY

In May 2010, police officers observed Long driving unsafely on West 34th Street in Indianapolis and stopped his vehicle. While speaking with Long, the officers detected the odor of alcohol and observed that his speech was slurred, his eyes were bloodshot and glassy, and his dexterity was poor. Long submitted to and failed three field sobriety tests. A breath test indicated that he had an alcohol concentration equivalent to 0.25 grams of alcohol per 210 liters of breath.

The State charged Long with Class A misdemeanor operating a vehicle while intoxicated, being a habitual substance offender, and two other offenses. The habitual substance offender charge was based on a Class A misdemeanor operating a vehicle while intoxicated conviction in 2004 and a Class D felony operating a vehicle while intoxicated conviction in 2001.

On February 14, 2011, Long pleaded guilty before Master Commissioner Teresa Hall to Class A misdemeanor operating a vehicle while intoxicated and being a habitual

2

substance offender in exchange for the State's dismissal of the other two charges. The written plea agreement provided for an executed one-year sentence for the Class A misdemeanor and a three-year enhancement for being a habitual substance offender, for an aggregate sentence of four years. The agreement left to the court's discretion the amount of the three-year enhancement that would be executed and Long's placement for the executed sentence. Appellant's App. p. 33; Tr. p. 9. Master Commissioner Hall accepted the plea agreement and set the matter for sentencing. At the sentencing hearing on February 28, 2011, Master Commissioner Hall imposed a sentence of one year executed in the Marion County Jail on the Class A misdemeanor enhanced by one year executed in the Marion County Jail and two years executed in the Marion County Community Corrections Work Release Program for being a habitual substance offender.

On March 4, 2011, the presiding judge, Linda Brown, issued an order declining to approve Master Commissioner Hall's sentencing recommendation and resetting the matter for sentencing. At the sentencing hearing on March 31, 2011, Judge Brown imposed a sentence of one year executed in the Marion County Jail on the Class A misdemeanor enhanced by two years executed in the Department of Correction and one year executed in the Marion County Community Corrections Work Release Program. Long now appeals.

<u>DISCUSSION AND DECISION</u>

Long contends that Master Commissioner Hall was statutorily authorized to impose his sentence and that Judge Brown thus erred by rejecting that sentence. Indiana Code section 33-33-49-16(e) (2004) provides that a Marion County master commissioner

"has the powers and duties prescribed for a magistrate under IC 33-23-5-5 through IC 33-23-5-9." Indiana Code chapter 33-23-5 grants various powers to magistrates but generally precludes them from entering a final appealable order. *Boyer v. State*, 883 N.E.2d 158, 160 (Ind. Ct. App. 2008); *see* Ind. Code § 33-23-5-8(2) (2008) ("Except as provided under sections 5(14) and 9(b) of this chapter, a magistrate . . . may not enter a final appealable order unless sitting as a judge pro tempore or a special judge."). The principal exception to this rule is Indiana Code section 33-23-5-9(b) (2004), which provides:

> If a magistrate presides at a criminal trial, the magistrate may do the following:
> (1) Enter a final order.
> (2) Conduct a sentencing hearing.
> (3) Impose a sentence on a person convicted of a criminal offense.

*See also* Ind. Code § 33-23-5-5(14) (2008) ("A magistrate may . . . [e]nter a final order, conduct a sentencing hearing, and impose a sentence on a person convicted of a criminal offense as described in section 9 of this chapter.").

Master Commissioner Hall did not preside at a criminal trial. Instead, Long pleaded guilty, and Master Commissioner Hall presided at the guilty plea hearing. Long cites *Boyer v. State*, 883 N.E.2d 158 (Ind. Ct. App. 2008), to support his assertion that Master Commissioner Hall was statutorily authorized to sentence him and enter a final order. In *Boyer*, however, the magistrate presided at the defendant's criminal trial, *id.* at 160, and this Court held that Section 33-23-5-9(b) gives "a magistrate presiding over a criminal trial the power to enter a final order and to enter a judgment of conviction," *id.*

at 161-62. The facts in *Boyer* are thus unlike the facts presented here, where Master Commissioner Hall presided at a guilty plea hearing and not a criminal trial.

Long also cites *Ivy v. State*, 947 N.E.2d 496 (Ind. Ct. App. 2011), for support. In that case, the defendant pleaded guilty to Class B felony burglary and being a habitual offender, and the State agreed to dismiss the remaining charges. The plea agreement set a sixteen-year executed sentence and contained a provision in which the defendant agreed that the sentence was appropriate and waived any request to modify his sentence. The trial court sentenced the defendant to sixteen years in the Department of Correction but noted that it would consider alternative placement for the last two years. The defendant later filed a motion to modify his sentence in Marion Superior Court. A master commissioner denied the motion. On appeal, the defendant argued that the master commissioner did not have the authority to rule on his motion. The State responded that the terms of the plea agreement precluded the defendant from seeking a modification of his sentence.

At the outset, this Court stated that it was affirming the denial of the defendant's motion to modify his sentence because the terms of the plea agreement precluded him from seeking a modification. *Id.* at 497. In its analysis of the issues, this Court first addressed the defendant's argument and concluded that the master commissioner had the power to enter a final judgment on the defendant's motion to modify his sentence because "magistrates, and therefore master commissioners, are authorized to enter final orders in criminal trials, conduct sentencing hearings, and impose sentences on convicted persons." *Id.* at 498-99. We then concluded that the trial court's incorrect advisement at the

5

sentencing hearing had no effect on the defendant's knowing and voluntary waiver of the right to request a modification of his sentence. *Id.* at 500. We therefore affirmed the denial of the defendant's motion to modify his sentence.

Long argues that *Ivy* establishes that a master commissioner can enter a final order after a defendant has pleaded guilty. We disagree. This Court's conclusions regarding the master commissioner's authority were unnecessary to the decision, which was on the basis, announced at the outset, that the defendant could not challenge his sentence pursuant to the terms of the plea agreement. Moreover, there is no indication that this Court was asked to consider whether the legislature intended to treat guilty pleas in the same manner as criminal trials with regard to the authority of magistrates and master commissioners.[1] Further, to the extent *Ivy* stands for the proposition argued by Long, we respectfully disagree. The master commissioner did not preside at a criminal trial. In fact, detrimental to Long's own argument, there is no evidence that the master commissioner even presided at the defendant's guilty plea hearing. We would have concluded that the master commissioner did not have the authority to enter a final order on the defendant's motion to modify his sentence.

Long also argues that "[i]f the legislature has deemed master commissioners competent to preside over criminal trials, pronounce the sentence, and enter final judgment, then they are quite competent to do so at a guilty plea hearing." Appellant's Reply Br. p. 4. This is not a judgment for us to make. Section 33-23-5-9(b) clearly states

---

[1] For the same reason, Long's citations to *Offringa v. State*, 637 N.E.2d 190, 191 (Ind. Ct. App. 1994), and *In re Involuntary Commitment of A.M.*, No. 82A01-1101-MH-29, 2011 WL 4829666, at *2 n.1 (Ind. Ct. App. Oct. 12, 2011), are unavailing.

6

that a magistrate, and thus a master commissioner, may enter a final order, conduct a sentencing hearing, and impose a sentence if he or she has presided at a criminal trial. We are not at liberty to conclude that the clear language of the statute indicating "criminal trial" really means "criminal trial or guilty plea hearing."

Finally, Long presents us with a scenario in which a defendant decides to plead guilty after a trial has commenced before a master commissioner and asks if the master commissioner would have the authority to enter a final order after the guilty plea. These are not the facts before us. On the facts before us, Master Commissioner Hall presided at Long's guilty plea hearing. Because she did not preside at a criminal trial, she did not have the authority to enter a final judgment on Long's sentence. Judge Brown therefore did not err by rejecting Master Commissioner Hall's sentence and imposing her own sentence.

## CONCLUSION

For the reasons stated above, we affirm Long's sentence.

Affirmed.

CRONE, J., and BRADFORD, J., concur.