# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana



# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1203-CR-240 |
| | ) | |
| CHRISTOPHER HOLLOWAY, | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE MARION CIRCUIT COURT
The Honorable Steven R. Eichholtz, Judge
Cause No. 49G20-1004-FA-32446

**October 30, 2012**

**OPINION - FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issue

Christopher Holloway pleaded guilty to dealing in cocaine, a Class A felony, and resisting law enforcement, a Class D felony, and was sentenced to six years in prison. He filed a petition to modify his sentence and the trial court changed his placement to Community Corrections for the last year of his sentence. The State raises one issue for our review, which we restate as whether the trial court had the authority to modify Holloway's sentence in violation of his plea agreement. Concluding the court exceeded its authority as bound by Holloway's plea agreement, we reverse and remand.

## Facts and Procedural History

On April 22, 2010, the State charged Holloway with dealing in cocaine, a Class A felony; possession of cocaine, a Class B felony; resisting law enforcement, a Class D felony; and resisting law enforcement, a Class A misdemeanor. Under a plea agreement, Holloway agreed to plead guilty to dealing in cocaine and Class D felony resisting law enforcement in exchange for the State dropping the other charges, capping his executed sentence at ten years in prison, and capping his total sentence at twenty years. In part the plea agreement stated: "[i]t is further agreed that the sentence recommended and/or imposed is the appropriate sentence to be served pursuant to this agreement and the Defendant hereby waives any future request to modify the sentence under I.C. 35-38-1-17." Appendix of Appellant at 18. Holloway's signed initials appear next to this paragraph, and his full signature was placed at the end of the agreement.

The trial court accepted the plea agreement and sentenced Holloway to twenty years in prison, fourteen years of which were suspended. On May 12, 2011, Holloway filed a petition to modify his sentence. The trial court held a hearing and, over the State's

2

objection, ordered that Holloway complete the remainder of his executed sentence in Community Corrections rather than prison, beginning on October 23, 2012. The State now appeals.

## Discussion and Decision

### I. State's Right to Appeal

The State's authority to appeal criminal matters is extremely limited. "The State's right to appeal in a criminal matter is statutory, and the State cannot appeal unless given that statutory authorization by the legislature." State v. Coleman, 971 N.E.2d 209, 211 (Ind. Ct. App. 2012) (citing State v. Brunner, 947 N.E.2d 411, 415 (Ind. 2011)). "The State's statutory right of appeal is in contravention of common law principles and is therefore strictly construed." Id. at 211 (citing State v. Pease, 531 N.E.2d 1207, 1208 (Ind. Ct. App. 1988)).

> The State may appeal from orders (1) granting a motion to dismiss an indictment; (2) granting judgment for the defendant upon his motion to discharge because of delay or jeopardy; (3) granting a motion to correct errors; (4) upon question reserved the state if defendant is acquitted; (5) granting motion to suppress evidence, if the effect is to preclude further prosecution; (6) and certain interlocutory orders.

Brunner, 947 N.E.2d at 415 (citing Ind. Code § 35-38-4-2 (2008)).

In Hardley v. State, our supreme court expressed an additional circumstance when the State may appeal in criminal cases: where, as a pure matter of law, the trial court's sentence is claimed to be illegal. 905 N.E.2d 399, 404 (Ind. 2009). The court determined that Indiana Code section 35-38-1-15 implicitly grants the State authority to challenge

3

erroneous sentences,[1] and reasoned that "sound policy and judicial economy favor permitting the State to present claims of illegal sentence on appeal when the issue is a pure question of law that does not require resort to any evidence outside the appellate record." Id. at 403. The court applied this additional circumstance in Brunner, allowing the State to appeal the modification of a defendant's conviction where the trial court lacked the authority to modify the conviction. 947 N.E.2d at 416.

In this case, the State has appealed a judgment modifying a defendant's sentence, claiming the trial court lacked authority to order the modification. The trial court's decision does not fit into any of the categories defined by Indiana Code section 35-38-4-2. However, whether the trial court had the authority to modify Holloway's sentence is strictly a matter of law that does not require weighing any evidence outside the record and as such the exception set out in Hardley and Brunner applies. Accordingly, we hold the State has the authority to appeal the trial court's decision.

## II. Sentence Modification

### A. Standard of Review

The State argues that the trial court lacked authority to modify Holloway's sentence as a matter of law. "Where the issue presented on appeal is a pure question of law, we review the matter de novo." State v. Moss-Dwyer, 686 N.E.2d 109, 110 (Ind. 1997).

---

[1] "If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person." Ind. Code § 35-38-1-15.

4

B. The Trial Court's Authority to Modify Holloway's Sentence

The trial court derives authority to modify a sentence from Indiana Code section 35-38-1-17. The statute states in relevant part:

> [I]f in a sentencing hearing for a convicted person conducted after June 30, 2001, the court could have placed the convicted person in a community corrections program as an alternative to commitment to the department of correction, the court may modify the convicted person's sentence under this section without the approval of the prosecuting attorney to place the convicted person in a community corrections program[.]

Ind. Code § 35-38-1-17(b). Because the trial court had the option of placing Holloway in Community Corrections at his initial sentencing, it would typically retain the right to modify his sentence and transfer him there.

In this case, the State argues that the trial court did not have the authority to modify Holloway's sentence because it had previously accepted a plea agreement in which Holloway explicitly waived his right to request modification. All parties are bound to the terms of a plea agreement accepted by the court, Lee v. State, 816 N.E.2d 35, 38 (Ind. 2004), but the plea agreement will only be valid if it was knowingly and willingly agreed to. Creech v. State, 887 N.E.2d 73, 75 (Ind. 2008).

Our supreme court has recognized that "[m]ost waivers [in plea agreements] are effective when set out in writing and signed." Id. at 76 (quoting United States v. Wenger, 58 F.3d 280, 282 (7th Cir. 1995)). Accordingly, the court held that, so long as he does so knowingly and willingly, "a defendant may waive the right to appellate review of his sentence as part of a written plea agreement." Id. at 75. Applying this standard in Ivy v. State, 947 N.E.2d 496 (Ind. Ct. App. 2011), this court held that by signing the plea agreement, the defendant had knowingly and willingly waived "any future request to

5

modify his sentence under I.C. 35-38-1-17," and we affirmed the trial court's denial of his motion to modify. Id. at 499; see also Schippers v. State, 622 N.E.2d 993, 995 (Ind. Ct. App. 1993) (holding that defendant was bound by a similar sentence modification waiver in a plea agreement, despite the subsequent enactment of a statute allowing a sentence reduction for completing certain educational programs).

Holloway's plea agreement contains language nearly identical to that upheld by this court in Ivy. Holloway not only signed the plea agreement, his initials appear next to the specific provision that waives his right to seek modification. At the hearing on Holloway's motion to modify his sentence, he made no claim that the waiver was made unknowingly or unwillingly. Accordingly, we hold that his waiver was valid.

> [A] plea agreement is contractual in nature, binding the defendant, the state and the trial court. The prosecutor and the defendant are the contracting parties, and the trial courts [sic] role with respect to their agreement is described by statute: If the court accepts a plea agreement, it shall be bound by its terms.

Lee, 816 N.E.2d at 38 (quoting Pannarale v. State, 638 N.E.2d 1247, 1248 (Ind. 1994)). The court is not only bound to the specific charges and sentencing guidelines of a plea agreement; "[o]nce a plea is accepted, a court is bound by all the terms in the plea agreement which are within its legal power to control." Reffett v. State, 571 N.E.2d 1227, 1230 (Ind. 1991) (emphasis added); see also Ind. Code § 35-35-3-3(e) ("If the court accepts a plea agreement, it shall be bound by its terms.").

The State enters into plea agreements to avoid costly litigation, not to postpone it. Accordingly, part of the reason for binding plea agreements is the State's "legitimate interest in the finality of judgments . . . ." Beanblossom v. State, 637 N.E.2d 1345, 1348 (Ind. Ct. App. 1994), trans denied. The court's obligation to abide by the agreement does

6

not ebb with time or circumstance.  "Once it has accepted a plea agreement, the sentencing court possesses only that degree of discretion provided in the plea agreement with regard to imposing an initial sentence <u>or altering it later</u>."  <u>Pannarale</u>, 638 N.E.2d at 1248 (emphasis added).  Considering the plea agreement as a contract, "[t]o permit reduction or modification of [the defendant's] sentence would deprive the State of its end of the bargain."  <u>Schippers</u>, 622 N.E.2d at 995.

The trial court accepted the plea agreement entered into by Holloway and the State, and it was therefore bound by the terms of the agreement and should not have modified Holloway's sentence.

Conclusion

In his plea agreement with the State, Holloway knowingly and willingly waived his right to seek sentence modification.  The trial court accepted the plea agreement and is bound by its terms.  Therefore, we reverse the sentence modification and remand with instructions to reinstate Holloway's original sentence.

Reversed and remanded.

BAKER, J., and BRADFORD, J., concur.