## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 29 2016, 8:56 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Ryan W. Tanselle
Capper Tulley & Reimondo
Brownsburg, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Matthew R. Elliott
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Carlvet Lee,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

December 29, 2016

Court of Appeals Case No.
32A04-1607-CR-1547

Appeal from the Hendricks
Superior Court

The Honorable Karen M. Love,
Judge

Trial Court Cause No.
32D03-1507-F2-16

**Baker, Judge.**

Carlvet Lee appeals the sentence imposed by the trial court after he pleaded guilty to seven counts of felony drug and gun offenses. Lee argues that the trial court abused its discretion in its determination of mitigating circumstances and that the sentence is inappropriate under Indiana Appellate Rule 7(B). Finding that Lee waived the right to challenge the sentence, we dismiss the appeal.

Lee and the State entered into a plea agreement, which was accepted by the trial court on April 26, 2016. The plea agreement contains the following provision:

> Defendant is knowingly, intelligently and voluntarily waiving his right to challenge the sentence imposed by the Court pursuant to this agreement on the basis that such sentence is erroneous for any reason. He is waiving his right to challenge the Court's finding and balancing of mitigating and aggravating factors as well as his right to have the Court of Appeals review the sentence under Indiana Appellate Rule 7(B).

Appellant's App. p. 58-59. It is undisputed that the sentence imposed by the trial court was within the bounds of the terms of the plea agreement.

It is well established that a defendant may waive his right to appeal his sentence as part of a plea agreement and that such waivers are valid and enforceable. *E.g.*, *Creech v. State*, 887 N.E.2d 73, 74-75 (Ind. 2008). Lee contends that the waiver is unenforceable because the record does not reveal that he was advised of his right to appeal an open plea before he agreed to the waiver provision. It is well established, however, that neither a separate advisement of rights form nor an additional discussion about the waiver provision are required for a valid

waiver. *Id.* at 76. If the written plea agreement contains an express waiver of the right and nothing else in the record indicates that the plea was not knowing and voluntary, then the waiver is valid. *Id.* at 76-77. Here, Lee and his attorney both stated that he understood the plea agreement and Lee stated under oath that he understood the potential sentence he faced under the plea agreement. Tr. p. 12-13, 45-47. Under these circumstances, we find that Lee has waived his right to challenge his sentence and hereby dismiss this appeal.

[4] The appeal is dismissed.

Mathias, J., and Pyle, J., concur.