## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 30 2016, 8:55 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Barbra A. Stooksbury
Howes & Howes, LLP
La Porte, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Joseph R. Keller,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

December 30, 2016

Court of Appeals Case No.
46A04-1601-CR-142

Appeal from the LaPorte Superior Court

The Honorable Michael S. Bergerson, Judge

Trial Court Cause No.
46D01-1407-F3-20

**Crone, Judge.**

# Case Summary

Joseph R. Keller appeals the sentence imposed by the trial court following his guilty plea to level 4 felony child molesting. Specifically, Keller argues that the trial court abused its discretion during sentencing and that his sentence is inappropriate in light of the nature of the offense and his character. The State cross-appeals arguing that Keller has waived his right to appeal his sentence pursuant to his plea agreement. Concluding that he has waived appellate review of his sentence, we affirm.

# Facts and Procedural History

On July 14, 2014, the State charged Keller with two counts of child molesting, one as a level 3 felony and one as a level 4 felony. Pursuant to a plea agreement, Keller pled guilty to the level 4 felony in exchange for dismissal of the level 3 felony. Sentencing was left to the trial court's discretion with the only limitation being that Keller's sentence had to contain at least one year suspended to probation. Additionally, Keller agreed to the following waiver of his right to appeal:

> The Defendant understands that in consideration of the State's entry into this plea agreement, he expressly waives his right to appeal or to contest any sentence and any restitution order imposed or the manner in which the conviction or sentence or the restitution order was determined or imposed, to the Indiana Court of Appeals, the Indiana Supreme Court or any other Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any

> proceeding under Indiana Post-Conviction Rules 1 and 2 or 28, United States Code, Section 2254.

Appellant's App. at 111.

[3] Both Keller and his attorney signed the plea agreement. A guilty plea hearing was held on November 5, 2015. During that hearing, the trial court advised Keller of his constitutional right to appeal and confirmed that his waiver of that right was knowing, voluntary, and intelligent. Specifically, the trial court asked Keller, "Do you understand that by pleading guilty you limit your ability to file [an] appeal." Tr. at 7. Keller responded that he understood. *Id*. The trial court also confirmed that Keller had read the entire plea agreement and discussed it with his attorney before signing it.

[4] A sentencing hearing was held on December 10, 2015. The trial court imposed a sentence of ten years with three years suspended to probation. At the conclusion of the sentencing hearing, the trial court erroneously advised Keller that he had the right to appeal and appointed pauper counsel. This appeal ensued.

## Discussion and Decision

[5] Keller asserts both that the trial court abused its discretion during sentencing and that his sentence is inappropriate. Relying on *Creech v. State*, 887 N.E.2d 73 (Ind. 2008), the State cross-appeals arguing that Keller waived his right to appeal his sentence pursuant to his plea agreement. We find the State's argument dispositive of this appeal.

Keller did not file a reply brief or otherwise respond to the State's allegation on cross-appeal that he has waived his right to appeal his sentence pursuant to his plea agreement. Under such circumstances, if we find prima facie error, the State may prevail. *See Amphonephong v. State*, 32 N.E.3d 825, 830 (Ind. Ct. App. 2015). Prima facie error is error at first sight, on first appearance, or on the face of it. *Id*.

In *Creech*, our supreme court held that "a defendant may waive the right to appellate review of his sentence as part of a written plea agreement." 887 N.E.2d at 75.[1] Specifically, in *Creech*, the defendant's plea agreement left his sentence to the trial court's discretion, and he agreed to waive his right to appeal the sentence so long as he was sentenced within the terms of his plea agreement. *Id*. at 74. After the defendant had already entered his plea of guilty and been sentenced, the trial court erroneously advised the defendant at the close of the sentencing hearing that he retained the right to appeal his sentence. *Id*. Our supreme court held that provisions waiving the right to appellate review of a sentence are enforceable as part of a written plea agreement. *Id.* at 75. The court further determined that after a defendant pleads guilty and receives the benefit of the plea bargain, subsequent actions by the trial court do not affect that waiver, recognizing that "[m]ost waivers are effective when set out in writing and signed." *Id.* at 76-77 (alteration in original) (quoting *United*

---

[1] Our supreme court has subsequently noted that in Indiana, a defendant can even waive his right to appeal an illegal sentence. *Crider v. State*, 984 N.E.2d 618, 623 (Ind. 2013).

*States v. Wenger,* 58 F.3d 280, 282 (7th Cir. 1995), *superseded by statute on other grounds*). Therefore, the court held that the trial court's erroneous advisement at the conclusion of the sentencing hearing had no effect on an otherwise knowing, voluntary, and intelligent waiver of the right to appeal and was not grounds for allowing the defendant to circumvent the terms of his plea agreement. *Id.* at 76.[2]

[8]     Consistent with *Creech*, we conclude that Keller's waiver of his right to appeal is enforceable as part of his written plea agreement. The trial court's erroneous advisement of Keller's right to appeal at the conclusion of the sentencing hearing had no effect on his prior waiver of that right. The trial court's statement that Keller could appeal his sentence was not made until after the court had accepted the plea agreement and entered Keller's sentence. Indeed, Keller had already received the benefit of his bargain prior to the trial court's misstatement. Moreover, as we stated above, Keller failed to respond to the State's cross-appeal, so he makes no claim that the waiver of his right to appeal was not otherwise knowing, voluntary, or intelligent. Even had he done so, the record would belie any such assertion. Keller signed a clearly stated written waiver of the right to appeal his sentence, and we discern no ambiguity in the

---

[2] Since *Creech*, this Court has repeatedly held that a trial court's erroneous advisement of a right to appeal during a sentencing hearing does not invalidate an otherwise knowing, voluntary, and intelligent waiver of the right to appeal. *See, e.g., Mechling v. State*, 16 N.E.3d 1015, 1017 (Ind. Ct. App. 2014), *trans. denied* (2015); *Ivy v. State*, 947 N.E.2d 496, 499 (Ind. Ct. App. 2011); *Akens v. State*, 929 N.E.2d 265, 266 (Ind. Ct. App. 2010); *but see Bonilla v. State*, 907 N.E.2d 586, 589 (Ind. Ct. App. 2009), *trans. denied,* and *Ricci v. State,* 894 N.E.2d 1089, 1093 (Ind. Ct. App. 2008), *trans. denied* (both cases distinguishing *Creech* and finding waiver of right to appeal unenforceable on other grounds).

trial court's advisements of the effect of his waiver during the guilty plea hearing. Accordingly, we conclude that Keller has waived the right to appeal his sentence.

[9] Affirmed.

Riley, J., and Altice, J., concur.