## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 31 2018, 8:48 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Bryan M. Truitt
Bertig and Associates
Valparaiso, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Richard M. Statler,

*Appellant/Cross-Appellee-Defendant,*

v.

State of Indiana,

*Appellee/Cross-Appellant-Plaintiff.*

July 31, 2018

Court of Appeals Case No.
18A-CR-182

Appeal from the
Porter Superior Court

The Honorable
William E. Alexa, Judge
The Honorable
Jeffrey W. Clymer, Judge

Trial Court Cause No.
64D02-1605-F5-4905

**Kirsch, Judge.**

[1] Following his plea of guilty to two counts of Level 5 felony sexual misconduct with a minor,[1] Richard M. Statler ("Statler") appeals his sentence contending that the trial court abused its discretion and that his sentence is inappropriate in light of the nature of the offenses and his character. The State cross appeals, arguing that Statler has waived his right to appeal his sentence by the terms of his plea agreement. We find the State's issue to be dispositive.

[2] We affirm.

## Facts and Procedural History

[3] From June 16 through June 18, 2015, Statler's fourteen-year-old granddaughter, K.C., and her fifteen-year-old friend, R.M., stayed at Statler's home in Chesterton, Indiana. During that visit, Statler committed various improper acts, including: (1) supplying the girls with alcohol and giving them money and transportation to buy marijuana; (2) holding K.C. tightly and kissing and sucking her breasts; (3) kissing K.C. on the lips and fondling her vagina; (4) touching R.M.'s breasts over her clothes; (5) touching R.M.'s "butt" and making her touch his penis over his clothes; (6) asking the girls to have sex with each other so he could watch; (7) asking R.M. if she would give him a "blow job"; and (8) giving the girls some of his medicine, advising that it would calm them down. *Appellant's App. Vol. 2* at 19-20.

---

[1] *See* Ind. Code § 35-42-4-9(b).

[4]     The State charged Statler with two counts of Level 5 felony sexual misconduct with a minor, two counts of Level 5 felony child solicitation, and two counts of Level 5 felony contributing to the delinquency of a minor.  By written plea agreement, Statler pleaded guilty to two counts of Level 5 felony sexual misconduct with a minor in exchange for the State dismissing the remaining four counts.  The plea agreement required Statler to register as a sex offender and capped his executed sentence at five years.  Within those limits, the trial court had discretion in sentencing; there was no limit on probation, except as provided by statute.  *Id.* at 53.  Included among the provisions to which Statler agreed was Paragraph (10), which provided:

> I waive all right to appeal my conviction, my sentence, any restitution order imposed, and/or the manner in which my conviction, my sentence, and/or the restitution order was/were determined or imposed on any grounds in this cause.

*Id.* at 55.

[5]     Statler and his attorney each signed the plea agreement, thereby agreeing to its terms.  During the guilty plea hearing, the trial court advised Statler that he was waiving certain rights, including the right to "appeal to the Indiana appellate court."[2]  *Tr. Vol. 2* at 15.  Statler withdrew his previous plea of not guilty and entered a plea of guilty to two counts of Level 5 felony sexual misconduct with

---

[2] Statler did not include the transcript of his guilty plea hearing with the record on appeal; however, during the sentencing hearing, the trial court reiterated that Statler had been informed during the initial change of plea hearing that he was waiving certain rights, including the right to a direct appeal.  *Tr. Vol. 2* at 15.

a minor, and the State moved to dismiss the remaining four counts. The trial court subsequently accepted the plea agreement. *Appellant's App. Vol. 2* at 6.

[6] During the October 2017 sentencing hearing, the trial court considered the aggravating and mitigating factors set out in the pre-sentence investigation report, including, Statler's age, his poor health, the fact that he had no prior criminal history or substance abuse history, the fact that Statler later downplayed the acts to which he had pleaded guilty, the fact that he violated a position of trust, and the harm he caused to the victims. The trial court sentenced him to consecutive sentences of four years for each of Count I and Count II, with Count I executed and Count II fully suspended to probation, for an aggregate executed sentence of four years. *Tr. Vol. 2* at 13. At the close of the sentencing hearing, the trial court incorrectly advised Statler that he had the right to appeal his sentence. *Id.* at 15-16. Thereafter, Statler unsuccessfully challenged his sentence in a motion to correct error. This appeal ensued.

## Discussion and Decision

[7] Statler contends that the trial court abused its discretion during sentencing and that his sentence is inappropriate in light of the nature of the offenses and his character. In its cross appeal, the State argues that Statler waived his right to appeal his sentence pursuant to Paragraph (10) of his plea agreement. Finding the State's cross appeal to be dispositive, we address only that issue.

[8] In the instant case, Statler did not file a reply brief or otherwise respond to the State's allegation on cross appeal that he has waived his right to appeal his

sentence pursuant to his plea agreement. Under such circumstances, if we find prima facie error, the State may prevail. *Amphonephong v. State*, 32 N.E.3d 825, 830 (Ind. Ct. App. 2015). Prima facie error is error at first sight, on first appearance, or on the face of it. *Id.*

[9] To support its claim, the State cites to *Creech v. State*, 887 N.E.2d 73, 74 (Ind. 2008), where the defendant argued on transfer that "he did not knowingly and voluntarily waive his right to appellate review and that his sentence was inappropriate." In *Creech*, our Supreme Court held that "a defendant may waive the right to appellate review of his sentence as part of a written plea agreement." 887 N.E.2d at 75.[3] Specifically, in *Creech*, the defendant's plea agreement left his sentence to the trial court's discretion, and he agreed to waive his right to appeal the sentence so long as he was sentenced within the terms of his plea agreement. *Id.* at 74. After the defendant had already entered his plea of guilty and been sentenced, the trial court erroneously advised the defendant at the close of the sentencing hearing that he retained the right to appeal his sentence. *Id.* Our Supreme Court held that provisions waiving the right to appellate review of a sentence are enforceable as part of a written plea agreement.[4] *Id.* at 75. The Court further determined that after a defendant

---

[3] Our Supreme Court subsequently noted that in Indiana, a defendant can even waive his right to appeal an illegal sentence. *Crider v. State*, 984 N.E.2d 618, 625 (Ind. 2013) ("Absent due process concerns to the contrary, when a defendant explicitly agrees to a particular sentence or a specific method of imposition of sentences, whether or not the sentence or method is authorized by the law, he cannot later appeal such sentence on the ground that it is illegal.").

[4] In *Archer v. State*, 81 N.E.3d 212, 215-16 (Ind. 2017), our Supreme Court recently noted:

pleads guilty and receives the benefit of the plea bargain, subsequent actions by the trial court do not affect that waiver, recognizing that "[m]ost waivers are effective when set out in writing and signed." *Id*. at 76 (alteration in original) (quoting *United States v. Wenger*, 58 F.3d 280, 282 (7th Cir.1995), *superseded by statute on other grounds*). Therefore, the *Creech* Court held that the trial court's erroneous advisement at the conclusion of the sentencing hearing had no effect on an otherwise knowing, voluntary, and intelligent waiver of the right to appeal and was not grounds for allowing the defendant to circumvent the terms of his plea agreement.[5] *Id*. at 76.

[10]  Under his plea agreement, Statler agreed to plead guilty to two counts of Level 5 felony sexual misconduct with a minor and to "waive all right to appeal [his] . . . sentence . . . on any grounds in this cause." *Appellant's App. Vol. 2* at 53, 54. In exchange, the State dismissed four Level 5 felony counts and agreed to cap Statler's executed sentence to five years. Statler received the benefit of his

---

Plea agreements are contracts and once the trial court accepts it, a plea agreement and its terms are binding upon the trial court, the State and the defendant. *Bethea v. State*, 983 N.E.2d 1134, 1144 (Ind. 2013). Because a plea agreement is a contract, the principles of contract law can provide guidance when considering plea agreements. *Griffin v. State*, 756 N.E.2d 572, 574 (Ind. Ct. App. 2001). A defendant may waive his or her right to appeal a sentence as part of a plea agreement and such waivers are valid and enforceable. *Creech v. State*, 887 N.E.2d 73, 74-75 (Ind. 2008).

[5] Since *Creech*, this Court has repeatedly held that a trial court's erroneous advisement of a right to appeal during a sentencing hearing does not invalidate an otherwise knowing, voluntary, and intelligent waiver of the right to appeal. *See, e.g.*, *Mechling v. State*, 16 N.E.3d 1015, 1017 (Ind. Ct. App. 2014), *trans. denied*; *Ivy v. State*, 947 N.E.2d 496, 499 (Ind. Ct. App. 2011); *Akens v. State*, 929 N.E.2d 265, 266 (Ind. Ct. App. 2010). *But see Crider v. State*, 984 N.E.2d 618, 625 (Ind. 2013); *Bonilla v. State*, 907 N.E.2d 586, 589 (Ind. Ct. App. 2009), *trans. denied*; *Ricci v. State*, 894 N.E.2d 1089, 1093 (Ind. Ct. App. 2008), *trans. denied* (cases distinguishing *Creech* and finding waiver of right to appeal unenforceable on other grounds).

bargain when the four counts were dismissed, and he was sentenced to just four years executed.

[11] Consistent with *Creech*, we conclude that Statler's waiver of his right to appeal is enforceable as part of his written plea agreement. The trial court's erroneous advisement to Statler concerning a right to appeal, given, as it was, at the conclusion of the sentencing hearing, had no effect on his prior waiver of that right. *Creech*, 887 N.E.2d at 76. The trial court's statement that Statler could appeal his sentence was not made until after the court had accepted the plea agreement and ordered his sentence. *Tr. Vol. 2* at 15. Indeed, Statler had already received the benefit of his bargain prior to the trial court's misstatement. Moreover, as noted above, Statler failed to respond to the State's cross appeal, so he makes no claim that the waiver of his right to appeal was not otherwise knowing, voluntary, or intelligent. Statler signed a clearly stated written waiver of the right to appeal his sentence "on any grounds." *Appellant's App. Vol. 2* at 55. Accordingly, we conclude that Statler waived the right to appeal his sentence.

[12] Affirmed.

[13] Baker, J., and Bradford, J., concur.