**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**STEVEN A. HOLT**
Holt Fleck & Romine, LLP
Noblesville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JONATHAN R. SICHTERMANN**
Deputy Attorney General
Indianapolis, Indiana

**FILED**

Apr 04 2013, 9:27 am

*[signature]*

**CLERK**
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RODNEY JUAN WILLIS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 29A02-1208-CR-695 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HAMILTON CIRCUIT COURT
The Honorable Paul Felix, Judge
Cause No. 29C01-1107-FC-11478

**April 4, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Defendant, Rodney Juan Willis (Willis), appeals the sentence imposed after he pled guilty to receiving stolen property, a Class C felony, Ind. Code § 35-43-4-2(b)(1).

We affirm.

## ISSUE

Willis raises one issue on appeal, which we restate as:    Whether his sentence is inappropriate.

## FACTS AND PROCEDURAL HISTORY

On April 7, 2010, following a party the night before, twenty-two-year-old Willis found $200,000 worth of jewelry in his freezer.  He took the jewelry to a jeweler in Hamilton County and attempted to sell it.  The jeweler recognized the jewelry as some that he had previously sold to a regular customer.  The jeweler contacted the police, who confronted Willis in the store and arrested him.  Willis spent three days in jail while the police officers investigated the case.  He was released on his own recognizance.

After being released, Willis committed robbery as a class B felony, unauthorized entry of a motor vehicle as a class B misdemeanor, and carrying a handgun without a license as a Class A misdemeanor in Marion County.  On August 3, 2010, the trial court in the Marion County case sentenced Willis to an aggregate sentence of seven and one-half years executed.

2

On July 29, 2011, the State filed an information charging Willis with theft, a Class C felony, I.C. § 35-43-4-2(a)(1) and receiving stolen property, a Class C felony, I.C. § 35-43-4-2(b)(1), for attempting to sell the jewelry he found in his freezer. In June 2012, pursuant to the terms of a plea agreement, Willis pled guilty to receiving stolen property and the State dismissed the theft charge. The parties stipulated that Willis would receive seven years in the Department of Correction, four years executed and three years suspended. The written plea agreement further provides in relevant part that Willis "retains the right to raise an issue at appeal regarding the credit time calculated and awarded pursuant to this agreement. All other appellate issues regarding this agreement are waived . . . ." (Appellant's App. p. 61). The agreement also states that Willis "knowingly and voluntarily agrees to waive his right to appeal his sentence on the basis that it is erroneous or for any other reason so long as the Judge sentences him within the terms of this plea agreement." (Appellant's App. p. 61).

On August 2, 2012, the trial court held a sentencing hearing. Evidence introduced at the hearing revealed that Willis has an extensive legal history that began when he was twelve years old. Specifically, Willis has prior convictions for resisting law enforcement, illegal consumption, and battery. He also has probation violations and write-ups for disorderly conduct and disobeying direct commands while incarcerated.

Following the sentencing hearing, and pursuant to the terms of the plea agreement, the trial court sentenced Willis to seven years with four years executed, three years suspended, and two years on probation. The trial court ordered this sentence to run

consecutively to the seven and one-half year sentence imposed in the Marion County case. The trial court also awarded Willis three days of good time credit for the time he served following his arrest for attempting to sell the jewelry in April 2010.

Willis now appeals. Additional facts will be provided if necessary.

DISCUSSION AND DECISION

Willis argues that his sentence is inappropriate because the trial court 1) ordered the sentence in the Hamilton County case to run consecutive to the sentence in the Marion County case; 2) failed to award Willis 369 days of credit time, and 3) sentenced Willis to serve his entire sentence at the DOC and failed to place Willis in a work release program. Although it initially appears that Willis is challenging the trial court's discretion to order consecutive sentences and award credit time, Willis concedes in his brief that the trial court properly ordered consecutive sentences pursuant to Indiana Code section 35-50-1-2(d). (Appellant's Brief p. 7). He also concedes that because of the consecutive sentence order, the trial court was only permitted to award Willis credit for the three days that he spent in jail for the instant offense. (Appellant's Br. p. 7). Thus, as Willis is not challenging the trial court's discretion, his sole argument is the inappropriateness of his sentence. The State responds that Willis has waived appellate review of this issue. We agree.

A defendant can knowingly waive appellate review of issues in his plea agreement. *Creech v. State*, 887 N.E.2d 73, 75 (Ind. 2008). Here, in his plea agreement Willis "knowingly and voluntarily agree[d] to waive his right to appeal his sentence . . . ."

4

(Appellant's App. 61). The State is therefore correct that Willis has waived appellate review of the appropriateness of his sentence. Waiver notwithstanding, we find no error.

Although a trial court may have acted within its lawful discretion in imposing a sentence, Article VII, Sections 4 and 6 of the Indiana Constitution authorizes independent appellate review and revision of sentences through Indiana Appellate Rule 7(B), which provides that a court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Under this rule, the burden is on the defendant to persuade the appellate court that his sentence is appropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). When considering whether a sentence is inappropriate, we give due consideration to the trial court's decision. *Allen v. State*, 925 N.E.2d 469, 481 (Ind. Ct. App. 2010)*, trans. denied*.

With respect to the nature of the offense, Willis took $200,000 worth of jewelry that he knew did not belong to him and attempted to sell it. Willis' prior convictions show a disregard for the law as well as an escalation in the severity of his crimes. With respect to the character of the offender, Willis has a criminal history that began when he was twelve years old. He has also had probation violations and write-ups for disorderly conduct and disobeying direct commands while incarcerated. His prior contacts with the law have not caused him to reform himself. Based upon our review of the evidence, we see nothing in the character of this offender or in the nature of the offense that would suggest that Willis' eleven and one-half year sentence in inappropriate.

We further note that the location where a sentence is to be served is an appropriate focus for application of this court's review and revise authority. *King v. State*, 894 N.E.2d 265, 267 (Ind. Ct. App. 2008). However, it is quite difficult for a defendant to prevail on a claim that the placement of his sentence is inappropriate. *Id.* This is because the question under Appellate Rule 7(B) is not whether another sentence is more appropriate. *Id.* at 368. Rather, the question is whether the sentence imposed is inappropriate. *Id.* A defendant challenging the placement of a sentence must convince us that the given placement is itself inappropriate. *Id.*

Here, Willis complains that his sentence is inappropriate because the trial court ordered him to serve his entire sentence at the DOC and failed to place him in a work release program. However, as a twenty-two-year-old, Willis has a ten-year legal history, which includes probation violations and write-ups for disorderly conduct and disobeying commands while incarceration. Given this evidence, Willis has failed to persuade this court that his placement at DOC is inappropriate.

Based on the foregoing, we conclude that Willis' sentence is not inappropriate

Affirmed.

BAKER, J. and BARNES, J. concur