**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Sep 05 2014, 9:03 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JOHN T. WILSON**
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KARL M. SCHARNBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| SHAUN COX, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 48A05-1312-CR-588 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Thomas Newman, Jr., Judge
Cause No. 48C03-1301-FA-147

**September 5, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Shaun Cox appeals his sentence of forty years for five counts of Class A felony child molesting.[1]  We affirm.

## FACTS AND PROCEDURAL HISTORY

On January 22, 2013, the State charged Cox with five counts of Class A felony child molesting.  On October 14, Cox pled guilty to all five counts. Cox's plea agreement provided he "waives the right to appeal any sentence imposed by the court, including the right to seek appellate review of the sentence pursuant to Indiana Appellate Rule 7(B), so long as the court sentences the defendant within the terms of this plea agreement." (App. at 16.)  Cox's plea agreement indicated his "sentence shall be open to the Court with all counts to run concurrently." (*Id*. at 15.)  On November 4, the trial court sentenced Cox to forty years for each count of Class A felony child molesting, to run concurrently, for an aggregate sentence of forty years.

## DISCUSSION AND DECSION

 "[A] defendant may waive the right to appellate review of his sentence as part of a written plea agreement." *Creech v. State*, 887 N.E.2d 73, 75 (Ind. 2008).[2]   Cox pled guilty to five counts of Class A felony child molesting and, as part of his plea agreement, agreed to waive his right to appeal his sentence as long as the trial court sentenced him according to the terms of the plea agreement.  The plea agreement indicated sentencing was at the discretion of the court, and all counts must run concurrently.

---

[1] Ind. Code § 35-42-4-3(b) (2012).
[2] However, a defendant "who can establish in a post-conviction proceeding that his plea was coerced or unintelligent is entitled to have his conviction set aside." *Creech,* 887 N.E.2d at 75.

The trial court sentenced Cox to forty years for each count of Class A felony child molesting, and ordered the sentences to be served concurrently. When Cox was sentenced in 2013, the sentencing range for a Class A felony was between twenty and fifty years, with an advisory sentence of thirty years. Ind. Code § 35-50-2-4(a). As Cox's sentence was within the range for a Class A felony, and the sentences ran concurrently as provided in his plea agreement, he may not challenge his sentence on direct appeal. *See Creech*, 887 N.E.2d at 75 (defendant may waive the right to appeal his sentence as part of his plea agreement). Accordingly, we affirm.

Affirmed.

KIRSCH, J., and BAILEY, J., concur.