# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

08/28/2017, 10:30 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Michael Anthony Torrence
Branchville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Michael Anthony Torrence, *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff.* | August 28, 2017 <br><br> Court of Appeals Case No. 49A02-1611-CR-2542 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Mark Renner, Judge <br><br> Trial Court Cause No. 49G21-1504-F4-13115 |

**Bailey, Judge.**

# Case Summary

[1] Michael Anthony Torrence ("Torrence"), pro se, appeals his sentence, following a guilty plea, for his conviction of unlawful possession of a firearm by a serious violent felon, as a Level 4 felony.[1] He raises two issues on appeal. However, because he waived his right to appeal his sentence, we dismiss.

# Facts and Procedural History

[2] On April 14, 2015, the State charged Torrence with Count I, unlawful possession of a firearm by a serious violent felon, as a Level 4 felony;[2] Count II, possession of cocaine, as a Level 5 felony;[3] Count III, maintaining a common nuisance, as a Level 6 felony;[4] and Count IV, possession of paraphernalia, as a Class A misdemeanor.[5] Torrence posted bond and was released from the Marion County Jail on September 1, 2015. On May 5, 2016, Torrence and the State entered into a plea agreement which stated, in relevant part, as follows:

> 2. Defendant enters into this agreement knowing that the Court has the authority to accept or reject the agreement and understands that the Court may take the Defendant's criminal

---

[1] Ind. Code § 35-47-4-5(c) (2015).

[2] Torrence had previously been convicted of dealing in cocaine or a narcotic drug, I.C. § 35-48-4-1, which is a serious violent felony. I.C. § 35-47-4-5(b)(24).

[3] I.C. § 35-48-4-6(a).

[4] I.C. § 35-48-4-13(b)(1) (current version at I.C. § 35-45-1-5).

[5] I.C. § 35-48-4-8.3(a)(1).

record into consideration in determining whether to accept or reject this plea agreement.

3.      The Defendant agrees to plead guilty to:  UNLAWFUL POSSESSION OF A FIREARM BY A SERIOUS VIOLENT FELON, a level 4 felony, as charged in Count I.

4.      At the time of sentencing, the State will dismiss: [the remaining charges].

5.      At the time of the taking of the guilty plea and again *at the time of the Defendant's sentencing, the State reserves the right to question witnesses and comment on any evidence presented upon which the Court may rely to determine the sentence to be imposed;* to present testimony or statements from the victim(s) or victim representative(s), and the State of Indiana and the Defendant agree[] that the Court shall impose the following sentence:

> a. A total of ten (10) years, with an initial executed sentence of five (5) years executed *placement open to the Court.  The State agrees to make no recommendation as to placement.* The remaining five (5) years suspended …

> b. All remaining terms to be determined by the Court, after argument by the parties.

* * *

6.      *Defendant hereby waives the right to appeal any sentence imposed by the Court*, including the right to seek appellate review of the sentence pursuant to Indiana Appellate Rule 7(B), *so long as the Court sentences the defendant within the terms of this plea agreement*.

7.      The Defendant acknowledges that the State's recommendation, or agreement to make no recommendation, is based on the Defendant's criminal history known to the Deputy Prosecutor representing the State at the time this agreement is executed and who entered into the agreement. In the event that such information is incomplete, that a further or more accurate criminal history is discovered prior to the entry of judgment or the Defendant is charged with the commission of another offense prior to sentencing, the State reserves the right to unilaterally withdraw from this agreement at any time prior to the entry of judgment herein.

8.      The Defendant understands and acknowledges by his/her initials that if this agreement is accepted by the Court, the *Defendant will give up the following rights*:

* * *

(g)  *the right to appeal the conviction(s).*

* * *

10.     The Defendant acknowledges satisfaction with Defense Counsel's representation and competency in this matter.  The Defendant believes this agreement to be in the Defendant's best interest.

11.     The Defendant *acknowledges that he/she has a right to pursue post-conviction relief*, if there is a legal and factual basis to do so, and that entering a guilty plea herein does not operate as a waiver of that right.

Appellant's App. at 14-15 (emphases added).

[3]     Torrence initialed sections 5(a) and sections six through twelve of the plea agreement, and he and his counsel signed the plea agreement. The trial court held a guilty plea hearing on that same date, at which Torrence informed the court that he had read the plea agreement with his attorney, and that his attorney had explained to him all of the terms of the agreement and answered all his questions. The trial court informed Torrence of the constitutional rights he would waive by entering into the plea agreement, and Torrence stated that he understood and was "willing to give up those rights." Tr. at 4-5. Torrence also admitted to the facts necessary to find that he committed the offense. Torrence stated that he understood and agreed to the plea agreement, and the trial court accepted his guilty plea.

[4]     On August 22, 2016, the trial court held a sentencing hearing at which the prosecutor informed the court that there was one change to Torrence's presentence investigation report ("PSI"), namely, that he had been arrested on a new offense on August 4, 2016. The prosecutor asked the court to add the pending charges to the PSI.

[5]     After Torrence testified on his own behalf, he asked the trial court to place him on work release for the executed portion of his sentence. In response, the following colloquy occurred:

> STATE: No questions. I just want to point out a few things. I know I cannot make the recommendation as to placement –
>
> COURT: Okay.

STATE: -- but I would still like to make note of a couple of items.

* * *

STATE: Thank you. I just wanted to note that Mr. Torrence had been on Marion County Community Correction for 21 days when he picked up the arrest on this matter. He was out on bond pending sentencing when he picked up the most recent case, which the State noted that addition to the PSI. … I would also like to note that this is his 11th felony conviction, so –

TORRENCE: I give up.

STATE: I will leave it at that.

Tr. Vol. II at 23-24.

[6] The trial court then sentenced Torrence as follows:

COURT: All right. Well, in considering the sentence in this case, I've considered the Pre-Sentence Investigation, the testimony of the Defendant, the argument of the Parties. I do find one mitigating circumstance that Defendant has entered into a plea of guilty in this case. I think that is a mitigating factor. Aggravating factor would be that he is – was on community corrections at the time this offense was committed for another case. He was convicted in 2005—I'm sorry, he does have a history of—a prior history of delinquency or criminal convictions. And again, I'm referring to the pre-sentence.

* * *

> I do find the aggravating outweigh the mitigating circumstances in this case. I'll enter a conviction for a serious violent felony as a—possession of a firearm, a serious violent felon a Level 4 felony. I'm going to sentence him to ten years in the Indiana Department of Corrections. Five years of those—five years of that sentence will be executed in the Indiana Department of Correction. The remaining will be suspended with the exception of one-day non-reporting probation.

*Id*. at 25-26. The trial court also granted the State's motion to dismiss the remaining charges. Torrence now appeals his sentence.

## Discussion and Decision

[7]     Torrence appeals his sentence[6] on the grounds that the prosecutor engaged in misconduct and his defense counsel was ineffective for failing to object to that misconduct. However, Torrence entered into a plea agreement with the State under which he explicitly waived his right to appeal his sentence "so long as the Court sentences the defendant within the terms of this plea agreement." Appellant's App. at 15. Because the trial court's sentence was within the terms of Torrence's plea agreement, we hold that Torrence waived his right to appeal that sentence.[7]

---

[6] He does not, as the State maintains, appeal his convictions. *See* Appellant's Br. at 14.

[7] Thus, we do not address Torrence's other claims.

[8] Our Supreme Court has held that "a defendant may waive the right to appellate review of his sentence as part of a written plea agreement," so long as the waiver is knowing and voluntary.[8] *Creech v. State*, 887 N.E.2d 73, 75 (Ind. 2008). Torrence does not address the waiver issue at all on appeal. However, he seems to contend that the trial court did not sentence him "within the terms of the plea agreement," because the prosecutor made statements at his sentencing hearing which amounted to a "recommendation as to placement" in violation of provision 5(a) of the plea agreement. Appellant's Br. at 13.

[9] The only statements about which Torrence complains are the prosecutor's statements that "the Defendant was out on bond, the Defendant violated community corrections." *Id.* Torrence contends that those statements "impl[ied] that the defendant should serve his executed sentence with the Indiana Department of Corrections." *Id.* We disagree. Those statements are not recommendations as to Torrence's placement; rather they are comments on the evidence of Torrence's criminal history that was already before the court[9] and upon which the Court could rely to determine the sentence to be imposed. Such comments were explicitly allowed under provision 5 of the plea agreement. Appellant's App. at 14.

---

[8] Torrence does not claim that his waiver of his right to appeal was not knowing and voluntary.

[9] *See* Appellant's App. at 26-27 (PSI) regarding Torrence's violation of community corrections due to his arrest for the charges in this case, and Appellant's App. at 6 (CCS) regarding Torrence being released on bond in this case at the time he was arrested for a new offense.

[10]     Because the sentence imposed by the trial court was within the terms of Torrence's plea agreement, he waived his right to a direct appeal of that sentence.

[11]     Dismissed.

Baker, J., and Altice, J., concur.