## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 10 2018, 10:21 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Valerie K. Boots
Marion County Public Defender Agency
– Appellate Division
Indianapolis, Indiana

Karen Celestino-Horseman
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Ahmaud Hyde,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

December 10, 2018

Court of Appeals Case No.
18A-CR-696

Appeal from the Marion Superior Court

The Honorable Jason G. Reyome, Magistrate

Trial Court Cause No.
49G15-1605-F6-16501

**Mathias, Judge.**

[1] Following a bench trial in Marion Superior Court, Ahmaud Hyde ("Hyde") was convicted of Level 6 felony failure to register as a sex offender. On appeal,

Hyde presents two issues for our review, which we reorder and restate as: (1) whether the trial court committed fundamental error by failing to explicitly rule on the admissibility of a defense exhibit, and (2) whether Hyde's conviction is improper because he was allegedly told prior to his plea of guilty for his underlying conviction for rape that he would be required to register as a sex offender for only ten years, not for life. Concluding that the record indicates that the trial court did admit Hyde's exhibit and that Hyde's status as a sexually violent predator, and thus his requirement to register every ninety days, is set by operation of statute, we affirm.

## Facts and Procedural History

[2] On January 17, 2006, the State charged Hyde with Class A felony burglary, Class B felony attempted rape, Class D felony criminal confinement, Class A misdemeanor battery, Class A misdemeanor possession of marijuana, Class A misdemeanor possession of paraphernalia, and two counts of Class A misdemeanor resisting law enforcement. On October 11, 2006, Hyde entered into a plea agreement with the State. Pursuant to this agreement, Hyde pleaded guilty to Class B felony attempted rape, and the State dismissed the remaining charges. The plea agreement called for a sentence of fifteen years of incarceration followed by three years of probation. The plea agreement made no mention of Hyde's obligation to report as a sex offender under the Indiana Sex Offender Registration Act ("INSORA").

[3] However, pursuant to Indiana Code section 35-38-1-7.5(b)(1)(A) and (J), a person who commits, or attempts to commit, rape is a "sexually violent

predator" ("SVP") by operation of law. *See Lemmon v. Harris*, 949 N.E.2d 803, 808 (Ind. 2011) (noting that 2007 amendment to the SVP statute no longer requires the trial court to determine a defendant's SVP status and instead a defendant is an SVP by operation of law if he or she commits one of the offenses listed in the SVP statute). An offender classified as an SVP is required to register every ninety days for life. Ind. Code §§ 11-8-8-14(b), 11-8-8-19(b). In contrast, an offender classified as a sex or violent offender is required to register once per year for a period of ten years. I.C. §§ 11-8-8-14(a), 11-8-8-19(a).

[4] A sentencing hearing was held on October 18, 2006. At this hearing, the court and counsel had the following exchange:

> THE COURT: Counsel, I did not have a chance to look up the sex offender registry statute. Would there be a compulsory registration requirement for conviction as to this offense?
>
> [STATE]: I believe so.
>
> [DEFENSE]: Yes.
>
> [STATE]: *For ten years*.
>
> THE COURT: Have you discussed that fact with Mr. Hyde, [defense counsel]?
>
> [DEFENSE]: We have.
>
> THE COURT: Do you understand that, Mr. Hyde?
>
> THE DEFENDANT: Uh, yes.

Ex. Vol., Defendant's Ex. A (emphasis added).[1] The trial court, pursuant to the plea agreement, sentenced Hyde to eighteen years, with fifteen years executed and three years suspended to probation.

[5] After his conviction and sentence for attempted rape, Hyde made several attacks on his conviction and/or sentence. On April 4, 2007, Hyde filed a *pro se* petition for post-conviction relief, and the court held an evidentiary hearing on the petition on November 6, 2008. The court denied the petition by an order entered on January 20, 2009. Then, on October 29, 2009, Hyde filed a petition to modify his sentence, which the trial court denied four days later. Undeterred, Hyde then filed a petition to file a belated notice of appeal on March 18, 2010. Although the trial court granted him permission to file a belated notice of appeal, this court eventually dismissed the appeal with prejudice.[2] Lastly, on June 15, 2012, the trial court denied Hyde's "SECOND MOTION TO LIMIT SEX OFFENDER REGISTRY TO TEN YEARS."[3] Ex. Vol., State's Ex. 3, p. 22.

[6] After Hyde was released from incarceration, he was presented with a "Sexually Violent Predator 90-Day In-person Photograph Form," which Hyde signed on

---

[1] This is the only page of the sentencing transcript for the rape conviction that was submitted by Hyde to the trial court and provided to us on appeal.

[2] Based on the record before us, it is unknown whether Hyde sought to appeal his original sentence or the trial court's denial of his motion to modify his sentence. Nor have we been able to find in our records the reason for our dismissal of Hyde's appeal.

[3] From this, we may infer that Hyde had previously requested that the trial court limit his requirement to register as a sex offender, perhaps in his earlier motion to modify his sentence.

May 7, 2015, indicating that he understood his obligation to report in person with local law enforcement authorities every ninety days. Ex. Vol., State's Ex. 5. Indeed, Hyde initially began to register as an SVP approximately every ninety days; he was photographed for registration purposes and signed his registration form on August 9 and December 4, 2015. At this last signing, he was informed that he should next report on March 3, 2016. But Hyde never returned to register.

[7] Marion County Sheriff's Department Sergeant Heather McKee ("Sgt. McKee") was assigned to the Sex Offender Unit at the time Hyde was supposed to be registering. Sgt. McKee's duties included checking on sex offenders to ensure that they were still living at their reported residence, and she checked on Hyde on a monthly basis. Sgt. McKee had warned Hyde multiple times that he needed to report. On April 19, 2016, Sgt. McKee went to check on Hyde at a residence on 33rd Street in Indianapolis, where Hyde had reported to be living. Sgt. McKee reminded Hyde of his requirement to report every ninety days. Hyde indicated that he understood his obligation but was refusing to do so. Sgt. McKee then turned Hyde's case file over to investigators.

[8] On May 5, 2016, the State charged Hyde with Level 6 felony failure to register as a sex offender. A bench trial was held on January 22, 2018, at the conclusion of which the trial court took the matter under advisement. On February 12, 2018, the trial court found Hyde guilty. The trial court held a sentencing hearing on March 12, 2018, at which the court sentenced Hyde to a suspended sentence of 545 days. Hyde now appeals.

# I. Admission of Evidence

[9] Hyde first argues that the trial court committed fundamental error by failing to rule on the admissibility of his proffered Exhibit A, which is the page of the sentencing transcript from Hyde's underlying conviction for attempted rape. When Hyde moved to admit Exhibit A, the State objected. The trial court took the matter under advisement and never formally ruled on the admissibility of the exhibit during the trial.

[10] However, when the trial court found Hyde guilty, it specifically stated, "*After reviewing all the evidence that I had* and the appropriate case law I do find that Mr. Hyde is guilty of the charge[.]" Tr. p. 40 (emphasis added). Hyde acknowledges that it appears that the trial court considered Exhibit A because, although the trial court never explicitly ruled on the admissibility of the exhibit, the court also made no indication that it did not consider the exhibit. Given the trial court's statement that it had reviewed "all the evidence" it had, and that Exhibit A was included in the record on appeal, we conclude that the trial court did admit Exhibit A and considered it in its finding. We therefore reject Hyde's argument that the trial court's failure to explicitly rule on the admissibility of the exhibit was error, let alone fundamental error.

# II. Hyde is an SVP by Operation of Law

[11] Hyde's main argument is that he cannot be guilty of failing to register as a sex offender because, he contends, he was informed that the plea agreement required him to register as a sex offender for only ten years, not for life. In

support of his argument, Hyde notes that the prosecuting attorney at the sentencing hearing for his underlying conviction for attempted rape indicated that Hyde would be required to register as a sex offender for only ten years and that "the trial court did not declare Mr. Hyde to be a sexual[ly] violent predator." Appellant's Br. at 7.

[12] As noted above, pursuant to Indiana Code section 35-38-1-7.5(b)(1)(A) and (J), a person who commits, or attempts to commit, rape is an SVP by operation of law, and there is no need for the court to determine if such a person is an SVP. *Lemmon*, 949 N.E.2d at 808 (noting that SVP statute no longer requires the trial court to determine a defendant's SVP status and instead a defendant is an SVP by operation of law if he or she commits one of the offenses listed in the SVP statute). And an SVP is required to register every ninety days for life. I.C. §§ 11-8-8-14(b), 11-8-8-19(b).

[13] Hyde does not directly contest this, but argues that he was informed that, pursuant to the terms of the plea agreement, he was not required to register as an SVP. In other words, Hyde claims that he was induced into entering into the plea agreement by the alleged assurance that he would only have to register for ten years and that this should act to override the operation of the registration statutes.

[14] However, the actual written terms of Hyde's plea agreement in his underlying conviction for attempted rape made no mention of his status as an SVP or his requirement to register as a sex offender. In fact, the only evidence Hyde

submitted in favor of his claim that he was told that he would not have to register for life is the statement by the prosecuting attorney at his sentencing hearing for his underlying attempted rape conviction. But this misstatement occurred during his sentencing hearing, *after* the trial court had already accepted the written plea agreement that made no mention of Hyde's status as an SVP.

[15] The statements by the prosecuting attorney after the plea agreement had already been accepted had no effect on the plea agreement. *Cf Creech v. State*, 887 N.E.2d 73, 77 (Ind. 2008) (misstatement by trial court at sentencing hearing that defendant had right to appeal had no effect on validity of defendant's plea agreement that contained waiver of defendant's right to appeal because, at the time of the misstatement, the defendant had already pleaded guilty and received the benefit of his bargain). Similarly, here, at the time of the misstatement by the prosecuting attorney in his underlying conviction for attempted rape, Hyde had already pleaded guilty and received the benefit of his bargain, i.e., a limitation on his sentence and the dismissal of several counts, including a Class A felony. Thus, Hyde has failed to support his argument that he was induced into signing the plea agreement by assurances that he would not have to register for life.

[16] The bottom line is that Hyde is an SVP by operation of statute and is therefore required by law to register every ninety days for life, unless he successfully petitions the trial court to find that he should no longer be considered to be an

SVP.[4] As Hyde has yet to successfully petition the trial court to remove his SVP status, he is still required to register every ninety days for life. Moreover, here, Hyde was informed of his requirement to register every ninety days, and he did so for several months. Indeed, Sgt. McKee warned Hyde that he needed to register. In response, Hyde indicated that he knew of this requirement but was knowingly declining to do so. Thus, Hyde committed the offense of knowingly failing to register as a sex offender. *See* Ind. Code § 11-8-8-17(a)(4).

## Conclusion

[17] The record indicates that the trial court considered Exhibit A, and we therefore reject Hyde's claim that the trial court committed fundamental error by failing to explicitly rule on the admissibility of the exhibit during trial. Additionally, we conclude that Hyde's status as an SVP was determined by operation of statute, and he has failed to establish his claim that he was misadvised regarding his status as an SVP prior to the trial court accepting the guilty plea. Accordingly, we affirm the judgment of the trial court.

[18] Affirmed.

Bailey, J., and Bradford, J., concur.

---

[4] The SVP registration statutes provides that an offender deemed to be an SVP may petition the trial court "to consider whether the person should no longer be considered a sexually violent predator." Ind. Code § 35-38-1-7.5(g). An SVP filing such a petition may not have more than one conviction for a crime that would require him to register as a "sex offender," as that term is defined in Indiana Code section 11-8-8-4.5, and the SVP may file a petition not earlier than ten years after the person is released from incarceration or detention. I.C. § 35-38-1-7.5(g). Moreover, an SVP may file such a petition no more than once per year. *Id*.