## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 06 2019, 10:27 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Caroline B. Briggs
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Angela Sanchez
Josiah Swinney
Deputy Attorneys General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Rex Allen Duke, Sr., *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff.* | March 6, 2019 <br><br> Court of Appeals Case No. 18A-CR-1963 <br><br> Appeal from the Tippecanoe Circuit Court <br><br> The Honorable Sean M. Persin, Judge <br><br> Trial Court Cause No. 79C01-1801-F5-13 |

**Najam, Judge.**

# Statement of the Case

Rex Allen Duke, Sr. appeals his sentence following his conviction for burglary, as a Level 5 felony, and his adjudication as a habitual offender. Duke presents a single issue for our review, namely, whether his sentence is inappropriate in light of the nature of the offense and his character. However, in his plea agreement, Duke waived his right to appeal his sentence. Accordingly, we dismiss his appeal.

# Facts and Procedural History

On January 10, 2018, Duke broke and entered a garage at Margaret Hicks' residence in Lafayette. Duke took some items he found in the garage and inside a parked van and put them in a bag. At some point, Hicks and her neighbor Jose Gaeta entered the garage, turned on the light, and found Duke. Gaeta called 9-1-1, and Duke did not leave but waited for law enforcement.

The State charged Duke with burglary, as a Level 5 felony; theft, as a Level 6 felony; theft, as a Class A misdemeanor; and being a habitual offender. On May 31, 2018, Duke pleaded guilty to burglary, as a Level 5 felony, and admitted to being a habitual offender. In exchange for his plea, the State dismissed the remaining charges and dismissed a probation revocation petition pending in another cause. By his plea agreement, Duke

> waive[d] the right to appeal any sentence imposed by the Court, under any standard of review, including but not limited to, an abuse of discretion standard and the appropriateness of the sentence under Indiana Appellate Rule 7(B), so long as the Court

sentence[d] the Defendant within the terms of the plea agreement.

Appellant's App. Vol. 2 at 18.  The plea agreement left sentencing open to the trial court's discretion.  Following a sentencing hearing, the trial court imposed an aggregate eight-year term.  This appeal ensued.

## Discussion and Decision

[4]   Duke contends that his sentence is inappropriate in light of the nature of the offense and his character.  However, we do not reach the merits of his appeal because, as the State correctly points out, Duke waived his right to appeal his sentence.  In particular, Duke's plea agreement left his sentence to the trial court's discretion and included the following provision:

> The Defendant hereby waives the right to appeal any sentence imposed by the Court, under any standard of review, including but not limited to, an abuse of discretion standard and the appropriateness of the sentence under Indiana Appellate Rule 7(B), so long as the Court sentences the Defendant within the terms of the plea agreement.

*Id.*  Our Supreme Court has held that such a waiver is enforceable.  *See Creech v. State,* 887 N.E.2d 73, 75 (Ind. 2008).  Indeed, here, at Duke's guilty plea hearing, the trial court made certain that Duke understood that the court had discretion in sentencing him and that he was giving up his right to appeal his sentence.

Still, in his Reply Brief, Duke asserts that "the State has waived its right to challenge Mr. Duke's right to appeal the sentencing" because the State did not object when, at the conclusion of sentencing, the trial court inadvertently advised Duke that he had a right to appeal his sentence. Appellant's Br. at 7. But the trial court in *Creech* made the same mistake, and our Supreme Court held that it was of no moment. The Court observed that, "[b]y the time the trial court erroneously advised Creech of the possibility of appeal, Creech had already pled guilty and received the benefit of his bargain. Being told at the close of the hearing that he could appeal presumably had no effect on that transaction." *Creech*, 887 N.E.2d at 77. The same is true here.

Duke does not suggest that his waiver was not knowing and voluntary. Duke merely contends that the State waived its right to enforce his waiver when it did not object to the trial court's statement at the conclusion of sentencing that Duke could appeal his sentence. We hold that Duke's waiver of his right to appeal his sentence is valid and enforceable. Accordingly, we dismiss Duke's appeal.

Dismissed.

Pyle, J., and Altice, J., concur.