## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 26 2019, 9:26 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Sierra A. Murray
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Michael Ray Walton,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | June 26, 2019<br><br>Court of Appeals Case No.<br>18A-CR-3103<br><br>Appeal from the Shelby Circuit Court<br><br>The Honorable Trent Meltzer, Judge<br><br>Trial Court Cause Nos.<br>73C01-1610-F6-411<br>73C01-1708-F5-95 |

**Najam, Judge.**

# Statement of the Case

Michael Ray Walton appeals his sentence following his convictions for failure to register as a sex offender, as a Level 5 felony, and failure of a sex or violent offender to possess identification, as a Level 6 felony, pursuant to a guilty plea. Walton presents a single issue for our review, namely, whether his sentence is inappropriate in light of the nature of the offenses and his character. However, in his plea agreement, Walton waived his right to appeal his sentence. Accordingly, we dismiss his appeal.

# Facts and Procedural History

The State charged Walton with one count of failure of a sex or violent offender to possess identification, as a Level 6 felony, and with being a habitual offender. Thereafter, in a separate cause number, the State also charged Walton with one count of failure to register as a sex offender, as a Level 5 felony, and one count of failure to reside at a registered address, as a Level 6 felony. On August 21, 2018, Walton entered into a joint plea agreement. Pursuant to that agreement, Walton agreed to plead guilty to failure to register as a sex offender, as a Level 5 felony, and failure of a sex or violent offender to possess identification, as a Level 6 felony. In exchange for his guilty plea, the State agreed to dismiss the other charges. The plea agreement left sentencing open to the trial court's discretion, but the plea provided for a maximum executed sentence of fifty-four months.

[3]     The plea also included a series of additional provisions with boxes for check marks next to them. One of those provisions stated that Walton would waive any right to appellate review of his sentence, but the box next to that provision was not checked. However, contemporaneous with his plea agreement, and submitted to the court with his agreement, Walton also signed an advisement of rights and waiver form. Pursuant to that form, Walton

> hereby waive[d] the right to appeal any sentence imposed by the Court, under any standard of review, including but not limited to, an abuse of discretion standard and the appropriateness of the sentence under Indiana Appellate Rule 7(B), so long as the Court sentences the defendant within the terms of the plea agreement.

Appellant's App. Vol. II at 56.

[4]     The trial court held a hearing on Walton's guilty plea. During that hearing, the trial court explained Walton's rights and clarified the apparent ambiguity between the plea agreement and the waiver of rights form by expressly informing Walton that he "do[es] not have the right to appeal the sentences as long as the Court sentences [him] within the cap." Tr. Vol. II at 15. Walton orally stated that he understood. Thereafter, the trial court held a sentencing hearing during which the court accepted Walton's guilty plea and entered judgment of conviction accordingly. The court then sentenced Walton to an aggregate term of fifty-four months executed. At the conclusion of the sentencing hearing, the trial court stated that Walton "ha[s] the right to appeal this sentence imposed herein." *Id.* at 43. This appeal ensued.

# Discussion and Decision

[5] Walton contends that his sentence is inappropriate in light of the nature of the offenses and his character. However, we do not reach the merits of his appeal because we agree with the State that Walton waived the right to appeal his sentence at his guilty plea hearing.

[6] Our Supreme Court has held that defendants may waive their right to appeal a sentence as part of a guilty plea. *Creech v. State*, 887 N.E.2d 73, 75 (Ind. 2008). Walton's advisement of rights and waiver form, which Walton signed and submitted to the court along with his guilty plea,[1] included the following provision:

> The defendant hereby waives the right to appeal any sentence imposed by the Court, under any standard of review, including but not limited to, an abuse of discretion standard and the appropriateness of the sentence under Indiana Appellate Rule 7(B), so long as the Court sentences the defendant within the terms of the plea agreement.

Appellant's App. Vol. II at 56.

[7] Walton first contends that he did not waive the right to appeal his sentence because the waiver was "ambiguous" despite the terms in the advisement of rights and waiver form because the plea agreement did not include a check mark next to the provision that indicated that Walton would waive the right to

---

[1] The parties do not dispute that the advisement of rights and waiver form was submitted contemporaneously with the plea agreement and that it was to be considered along with the plea agreement.

appeal his sentence. Reply Br. at 4. But insofar as his waiver of rights form conflicted with the precise terms of his guilty plea, at Walton's guilty plea hearing the trial court disambiguated those two documents when it orally informed Walton that he did not have the right to appeal his sentence as long as the court sentenced him within the terms of the plea agreement. Walton acknowledged that he understood that he was waiving his right to appeal his sentence and continued with his guilty plea.

[8] Nonetheless, Walton also contends that he did not waive the right to appeal his sentence because the trial court informed him at his sentencing hearing that he had the right to appeal his sentence. But the trial court in *Creech* made the same mistake, and our Supreme Court held that it was of no moment. That Court observed that, "[b]y the time the trial court erroneously advised [the defendant] of the possibility of appeal, [he] had already pled guilty and received the benefit of his bargain. Being told at the close of the [sentencing] hearing that he could appeal presumably had no effect on that transaction." *Creech*, 887 N.E.2d at 77. The same is true here. By the time the trial court erroneously advised Walton that he had the right to appeal his sentence, Walton had already pleaded guilty and received the benefit of his bargain. Accordingly, Walton waived the right to appeal his sentence, and we dismiss his appeal.

[9] Dismissed.

Baker, J., and Robb, J., concur.