## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 27 2019, 5:38 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Patrick Magrath
Alcorn Sage Schwartz & Magrath, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Monika Prekopa Talbot
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Joseph D. Wasserman, *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff.* | June 27, 2019 <br><br> Court of Appeals Case No. 18A-CR-2932 <br><br> Appeal from the Dearborn Superior Court <br><br> The Honorable Jonathan N. Cleary, Judge <br><br> Trial Court Cause No. 15D01-1805-F3-9 |

**Mathias, Judge.**

[1] Joseph Wasserman ("Wasserman") pleaded guilty in Dearborn Superior Court to Level 3 felony dealing in methamphetamine and admitted to being an

habitual offender. The trial court sentenced Wasserman to twenty-two years in the Department of Correction ("DOC"). Wasserman appeals and argues his sentence is inappropriate in light of the nature of the offense and the character of the offender. Concluding that Wasserman waived his right to appeal his sentence, we affirm.

## Facts and Procedural History

On May 16, 2018, the Lawrence Police Department executed a search warrant on Wasserman's residence after conducting a trash pull that uncovered multiple items of drug paraphernalia and conducting surveillance that identified numerous individuals with criminal histories of illegal drug activity visiting Wasserman's residence. Tr. p. 34. Wasserman's room contained three grams of methamphetamine. *Id.* at 36. Wasserman's cellphone contained text messages indicating he intended to deliver the methamphetamine. *Id.* at 37–38.

The State charged Wasserman on May 17, 2018 with: (1) Level 3 felony dealing in methamphetamine, (2) Level 6 felony maintaining a common nuisance, (3) Level 6 felony possession of methamphetamine, (4) Class C misdemeanor possession of paraphernalia, and (5) Class C misdemeanor possession of paraphernalia. Appellant's App. Vol. II, pp. 12–14. On August 16, 2018, the State amended the information to allege that Wasserman was a habitual offender. *Id.* at 121–123.

Wasserman entered into a plea agreement on September 27, 2017. He pleaded guilty to Count I, Level 3 felony dealing in methamphetamine and to the

habitual offender enhancement in exchange for the State's dismissal of the remaining counts and agreement to cap his habitual offender enhancement at 10 years. *Id*. at 175–76. Paragraph 5 of the plea agreement provided, "[d]efendant hereby waives the right. . . [to] seek appellate review of the sentence, pursuant to Indiana Appellate Rule 7(B)." *Id.* at 176.

[5] The trial court accepted the plea agreement on October 16, 2018. Tr. p. 28. Twenty-four days later, on November 9, 2018, the trial court sentenced Wasserman to 13 years on Count I and enhanced the sentence by 9 years due to Wasserman's habitual offender status. *Id.* at 78. In addition, the trial court informed Wasserman that he had a right to appeal; Wasserman now appeals. *Id*.

## Discussion and Decision

[6] In his Appellant's brief, Wasserman claims his sentence is inappropriate in light of the nature of the offense and the character of the offender. However, we conclude that Wasserman waived his right to appeal his sentence.

[7] A defendant may waive the right to appellate review of his sentence as part of a written plea agreement as long as the waiver is knowing and voluntary. *Creech v. State*, 887 N.E.2d 73, 74 (Ind. 2008). The language of Paragraph 5 of the plea agreement is clear and unambiguous: by pleading guilty, Wasserman waived the right to appeal his sentence so long as the trial court sentenced him within the terms of his plea agreement. Appellant's App. p. 176.

[8] During the guilty plea hearing, Wasserman clarified his plea agreement, asking, "[a]nd then I'm not allowed to appeal the sentence?" Tr. p. 24. The court responded:

> So your question was, can you appeal this sentence, and if I accept this plea agreement you cannot appeal the sentence so long as I sentence you between six to ten years on habitual offender, and sentence you between three and sixteen years on a Level 3. Is that your understanding of what was going to happen?

*Id.* at 25. Wasserman responded, "[y]es, Your Honor." *Id.* The trial court further advised Wasserman of his rights and ensured that Wasserman was neither threatened nor forced to enter into the plea agreement. Tr. pp. 24–26. Thus, there is nothing in the record before us to suggest that Wasserman's waiver was anything other than knowing and voluntary.

[9] After sentencing, the trial court misadvised Wasserman that he had a right to appeal the sentence. *Id.* at 78. In *Creech*, our Supreme Court found that a trial court's erroneous statement that the defendant had a right to appeal was not grounds for allowing the defendant to "circumvent the terms of his plea agreement." 887 N.E.2d at 76. The defendant had already pleaded guilty and received the benefit of his plea bargain; being told at the close of his sentencing hearing that he could appeal had no effect on his decision to accept the plea agreement. *Id.* at 77.

[10] Wasserman received the benefit of his plea agreement: the State dropped four charges and capped his habitual offender enhancement at ten years. The trial

court's statement could not have affected Wasserman's decision to accept the plea agreement because the statement occurred over a month after Wasserman entered into the plea agreement and three weeks after the court accepted the plea agreement.

[11] As noted above, there is nothing in the record that suggests that Wasserman's waiver was anything other than knowing and voluntary. The sentence of thirteen years for Level 3 felony dealing in methamphetamine and a nine-year habitual offender enhancement are within the terms of the plea agreement. We therefore conclude that Wasserman waived his right to appeal his sentence.

[12] Affirmed.

May, J., and Brown, J., concur.