## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 23 2019, 9:12 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Caroline B. Briggs
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Peter M. Speziale, *Appellant-Defendant,* | July 23, 2019 |
| v. | Court of Appeals Case No. 18A-CR-2656 |
| | Appeal from the Tippecanoe Circuit Court |
| State of Indiana, *Appellee-Plaintiff* | The Honorable Sean M. Persin, Judge |
| | Trial Court Cause No. 79C01-1710-F4-45 |

**Altice, Judge.**

**Case Summary**

[1]     Peter Matt Speziale pled guilty pursuant to a plea agreement to Level 5 felony dealing in a narcotic drug and Level 6 felony possession of methamphetamine, and the trial court sentenced him to consecutive sentences of five years and two years respectively, with six years executed and one year suspended to probation. On appeal, Speziale challenges the propriety and appropriateness of his sentence.

[2]     We affirm.

## Facts & Procedural History

[3]     The probable cause affidavit, which was included in Speziale's pre-sentence investigation report and not objected to, indicates that on April 11 and 20, 2017, law enforcement engaged the services of a confidential informant (CI) to execute controlled buys of drugs from Speziale. The CI was searched, fitted with a wire transmitter, and provided marked money to purchase the drugs. The transactions, one of which occurred in a car and the other in a store, were under police surveillance the entire time. During both encounters, Speziale delivered heroin and methamphetamine to the confidential informant.

[4]     On October 4, 2017, the State charged Speziale with numerous drug-related offenses relating to the above controlled buys, including: Count I, Level 5 felony dealing in a narcotic drug (heroin); Count II, Level 6 felony possession of a narcotic drug (heroin); Count III, Level 5 felony dealing in methamphetamine; Count IV, Level 6 felony possession of methamphetamine; Count V, Level 5 felony dealing in a narcotic drug (heroin); Count VI, Level 6

felony possession of a narcotic drug (heroin); Count VII, Level 4 felony dealing in methamphetamine; and Count VIII, Level 6 felony possession of methamphetamine. On July 18, 2018, Speziale pled guilty pursuant to a plea agreement to Count I and Count VIII, and the State dismissed the remaining charges and agreed not to file additional charges for methamphetamine and heroin found on his person after his arrest. The plea agreement further provided that sentencing would be left to the discretion of the trial court.

[5] Following a sentencing hearing on October 5, 2018, the trial court sentenced Speziale to consecutive terms of five years for Count I and two years for Count VIII. The court ordered six years be fully executed and one year suspended to probation. Speziale now appeals. Additional facts will be provided as necessary.

## Discussion & Decision

[6] On appeal, Speziale challenges the propriety and appropriateness of his sentence. Speziale, however, waived his right to appeal his sentence in his plea agreement. A defendant may waive the right to appellate review of his sentence as part of a written plea agreement. *Creech v. State*, 887 N.E.2d 73, 75 (Ind. 2008). Where a written plea agreement contains an express waiver of the right, such waiver is valid and enforceable.[1] *Id*.

---

[1] We recognize that where a defendant pleads guilty pursuant to a plea agreement that leaves sentencing to the trial court's discretion, the defendant still retains his right to appeal an illegal sentence. *See Crider v. State*,

[7]    Here, Speziale's written plea agreement explicitly provided:

> The Defendant hereby waives the right to appeal any sentence imposed by the Court, under any standard of review, including but not limited to, an abuse of discretion standard and the appropriateness of the sentence under Indiana Appellate Rule 7(B), so long as the Court sentences the Defendant within the terms of the plea agreement.

*Appellant's Appendix Vol. II* at 27. During the guilty plea hearing, Speziale stated that he had discussed and reviewed the plea agreement before signing it and that he understood the terms thereof. On two occasions, the court specifically addressed with Speziale that the plea agreement provided he was waiving his right to appeal his sentence, and Speziale stated that he understood. At sentencing, the trial court reminded Speziale that he had waived his right to appeal his sentence. The trial court sentenced Speziale within the terms of the plea agreement, so he cannot now be heard to complain.

Judgment affirmed.

Brown, J. and Tavitas, J., concur.

---

984 N.E.2d 618 (Ind. 2013). Here, Speziale does not argue that his sentence is illegal, only that the imposition of consecutive sentences renders his sentence inappropriate. Speziale explicitly waived review of his sentence in this regard.