## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 02 2020, 8:34 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Christopher Sturgeon
Clark County Public Defender Office
Jeffersonville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caryn N. Szyper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Clark Middleton, Jr.,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff,*

October 2, 2020

Court of Appeals Case No.
20A-CR-715

Appeal from the Clark Circuit Court

The Honorable Bradley B. Jacobs, Judge

Trial Court Cause Nos.
10C02-1907-F4-48
10C02-1910-F4-69

**Robb, Judge.**

# Case Summary and Issue

[1] Clark Middleton Jr. pleaded guilty to dealing in cocaine and dealing in methamphetamine, both Level 4 felonies, and admitted to being an habitual offender. The trial court sentenced Middleton to an aggregate sentence of twelve years to be served in the Indiana Department of Correction ("DOC"). Middleton appeals and raises two issues for our review, which we consolidate and restate as whether Middleton's sentence is inappropriate in light of the nature of his offenses and his character. Concluding Middleton's sentence is not inappropriate, we affirm.

# Facts and Procedural History

[2] In 2018, Middleton sold a confidential informant crack cocaine at a public housing complex in Jeffersonville. As a result, in Cause No. 10C02-1907-F4-048 ("Cause No. 48"), the State charged Middleton with dealing in cocaine, a Level 4 felony; possession of cocaine, a Level 6 felony; and alleged he was an habitual offender.

[3] On October 14, 2018, while Middleton was released on bond in Cause No. 48, he exchanged text messages with an undercover police officer and agreed to sell the officer three and one-half grams of methamphetamine for seventy-five dollars. Middleton stated he was at the mall waiting for a ride and would be at the pre-determined meeting location for the transaction. Shortly thereafter, officers arrested Middleton at the mall. During a search incident to arrest,

officers discovered a clear plastic bag containing methamphetamine. As a result, the State charged Middleton with conspiracy to commit dealing in methamphetamine and dealing in methamphetamine, both Level 4 felonies; and possession of methamphetamine, a Level 6 felony, in Cause No. 10C02-1910-F4-069 ("Cause No. 69").

[4]     On January 14, 2020, Middleton entered into two plea agreements – one in each cause number. In Cause No. 48, Middleton agreed to plead guilty to dealing in cocaine, a Level 4 felony, and admit to being an habitual offender, and the State agreed to dismiss the remaining counts. In Cause No. 69, Middleton agreed to plead guilty to dealing in methamphetamine, a Level 4 felony, and the State agreed to dismiss the other charges. Sentencing was left to the trial court's discretion subject to the parties' agreement that Middleton's sentence in Cause No. 69 would be served concurrently with the sentence imposed in Cause No. 48. Middleton agreed to waive his right to appeal. *See* Appellant's Appendix, Volume II at 28-29, 107-08.

[5]     A guilty plea/sentencing hearing was held on February 26, 2020. The trial court advised Middleton of his rights and subsequently accepted his guilty plea in both cause numbers. During sentencing, the State recommended that the trial court impose an aggregate sentence of twenty years – a ten year sentence for each conviction to be served concurrently and a ten year enhancement for Middleton's habitual offender status – and that he serve his sentence in the DOC. Middleton recommended six years for each conviction to be served concurrently and the minimum six-year habitual offender enhancement for an

aggregate sentence of twelve years. Middleton requested that the time be served on home detention and suspended to probation; he also expressed a desire for drug treatment to be able to care for his son. Given Middleton's history of probation violations, the trial court determined Middleton was not a good candidate for probation. With respect to Middleton's request for home detention, the trial court stated, "There is at least one Escape charge in there as well, so I am reluctant to put [him] on [h]ome [d]etention. I understand [Community Corrections] said you would be a suitable candidate but given the multitude of dealing charges alleged in his history I can't find that that would be appropriate today." Transcript, Volume 2 at 16.

[6] Ultimately, the trial court sentenced Middleton to six years for each conviction to be served concurrently, enhanced by six years for being an habitual offender. The trial court ordered that Middleton serve his sentence in the DOC and recommended a substance abuse treatment program while incarcerated. Following the pronouncement of Middleton's sentence, the trial court advised Middleton that "since this was a blind plea you do have the right to appeal the sentence today. Discuss that with [your counsel]." *Id.* at 17. Neither the State nor the defense objected to the trial court's advisement.[1] The trial court

---

[1] We pause briefly to express our concern with defense counsel and the State's silence at this juncture. Middleton's plea agreement clearly stated that he waived his right to appeal; however, following the pronouncement of Middleton's sentence, the trial court advised Middleton that he had the right to appeal. Following this erroneous advisement, neither the State nor defense counsel informed the trial court of its erroneous advisement and corrected it. Rule 3.3(a)(1) of Indiana's Rules of Professional Responsibility provides that a "lawyer shall not knowingly . . . fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer[.]" Although not explicitly stated in the rule, the attorneys'

subsequently entered judgment of conviction and sentence in each case stating that Middleton "waives his right to appeal the sentence imposed by the Court that is within the range set forth in the agreement." Appealed Orders at 1.[2] Middleton now appeals.[3]

# Discussion and Decision

## I. Standard of Review

Indiana Appellate Rule 7(B) provides this court the authority to revise a defendant's sentence "if, after due consideration of the trial court's decision, [we] find[] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Sentencing is "principally a discretionary function" of the trial court to which we afford great deference. *Cardwell v. State*,

---

silence and failure to correct the trial court may constitute a violation of this rule. Nonetheless, it is our position that the attorneys, who were aware that Middleton waived his right to appeal pursuant to his plea agreements and heard the trial court incorrectly advise Middleton that he retained that right, had an obligation to correct the erroneous advisement. Therefore, we take this opportunity to remind counsel of this obligation.

[2] Because Middleton pleaded guilty and waived his right to appeal *before* the trial court's erroneous advisement, Middleton did, in fact, waive his right to appeal. *See Creech v. State*, 887 N.E.2d 73, 76-77 (Ind. 2008) (holding that a defendant knowingly and voluntarily waived his right to appeal despite the trial court's advisement that he retained that right because, at the time of the erroneous advisement, he had already pleaded guilty and "received the benefit of his bargain" and therefore, the advisement had no effect on the plea). Despite this clear waiver, Middleton appeals, but the State does not argue waiver in its appellate brief. Nonetheless, even if it did, the State likely waived any such argument by sitting idly when the trial court erroneously advised Middleton that he retained his right to appeal. *See Merriweather v. State*, No. 20A-CR-565, 2020 WL 4913267, at *3 (Ind. Ct. App. Aug. 21, 2020) (finding that "an argument could be made that the State waived the ability to enforce the waiver [of appeal] provision [of the defendant's plea agreement] and seek dismissal of this appeal by sitting idly by during the plea hearing, and again at the sentencing hearing, while the trial court gave . . . erroneous advisements"). Therefore, we address the merits of this appeal.

[3] Middleton appealed each sentence and later moved to consolidate the appeals, which this court granted.

895 N.E.2d 1219, 1222 (Ind. 2008). "Such deference should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015). It is the defendant who bears the burden of persuading this court his or her sentence is inappropriate under the standard. *Childress v. State,* 848 N.E.2d 1073, 1080 (Ind. 2006).

[8] On review, the question is not whether another sentence is *more* appropriate; rather, the question is whether the sentence imposed is inappropriate. *Fonner v. State,* 876 N.E.2d 340, 344 (Ind. Ct. App. 2007). We may consider any factors appearing in the record in making this determination. *Stokes v. State*, 947 N.E.2d 1033, 1038 (Ind. Ct. App. 2011), *trans. denied.* And whether a defendant's sentence is inappropriate turns on our "sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell*, 895 N.E.2d at 1224. The trial court's recognition and non-recognition of aggravators and mitigators serves as an initial guide in our determination. *Sanders v. State*, 71 N.E.3d 839, 844 (Ind. Ct. App. 2017), *trans. denied*.

## II. Inappropriate Sentence

Middleton argues that the "relatively low key" and non-violent nature of his offenses renders his sentence and placement in the DOC inappropriate. Appellant's Brief at 8. We disagree.

The advisory sentence is the starting point our legislature has selected as an appropriate sentence for the crime committed. *Childress*, 848 N.E.2d at 1081. The sentencing range for a Level 4 felony is between two and twelve years, with an advisory sentence of six years. Ind. Code § 35-50-2-5.5. The sentencing range for an habitual offender enhancement for a person who was convicted of a Level 4 felony is between six and twenty years. Ind. Code § 35-50-2-8(i)(1). Here, the trial court sentenced Middleton to the advisory sentence for each conviction and the minimum habitual offender enhancement.

The nature of the offense is found in the details and circumstances surrounding the offense and the defendant's participation therein. *Perry v. State,* 78 N.E.3d 1, 13 (Ind. Ct. App. 2017). When evaluating a defendant's sentence that deviates from the advisory sentence, we consider whether there is anything more or less egregious about the offense as committed by the defendant that distinguishes it from the typical offense accounted for by our legislature when it set the advisory sentence. *Moyer v. State*, 83 N.E.3d 136, 142 (Ind. Ct. App. 2017), *trans. denied*.

We agree with Middleton that his offenses are non-violent in nature. Nonetheless, his crimes of dealing are serious and Middleton fails to persuade

us that the non-violent nature merits a reduction in his sentence, particularly when he was sentenced to the advisory sentence for his convictions and the minimum sentence for his habitual offender status.

[13] Next, we evaluate whether Middleton's character renders his sentence inappropriate. Middleton argues his character renders his sentence inappropriate because he "has not broken into houses, stolen, robbed, or committed violence. He is not a bad person. . . . H[e is] just a drug abuser." Appellant's Br. at 8-9 (record citations omitted).

[14] The "character of the offender" portion of the Rule 7(B) standard refers to the general sentencing considerations and relevant aggravating and mitigating factors, *Williams v. State*, 782 N.E.2d 1039, 1051 (Ind. Ct. App. 2003), *trans. denied,* and permits a broader consideration of the defendant's character, *Anderson v. State*, 989 N.E.2d 823, 827 (Ind. Ct. App. 2013), *trans. denied*. "A defendant's life and conduct are illustrative of his or her character." *Morris v. State*, 114 N.E.3d 531, 539 (Ind. Ct. App. 2018), *trans. denied*.

[15] In examining a defendant's character, one relevant factor is his or her criminal history, the significance of which "varies based on the gravity, nature, and number of prior offenses in relation to the current offense." *Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007). Here, Middleton's criminal history began in 1999 when he was adjudicated a delinquent child for acts that, if committed by an adult, would constitute possession of marijuana, providing false information, disorderly conduct, and intimidation. Middleton's adult

criminal history consists of three misdemeanor and six felony convictions. *See* Appellant's App., Vol. II at 113-16. Notably, Middleton was convicted of possession of marijuana in 1999, possession of cocaine in 2000 and 2001, possession of a controlled substance in 2012, and possession of cocaine/methamphetamine or a Schedule I or II narcotic drug in 2013. By 2018, he was selling drugs. In addition, Middleton committed dealing in methamphetamine while he was on bond for his dealing in cocaine offense. We have held that "[e]ven a minor criminal record reflects poorly on a defendant's character" and Middleton's criminal history is far from minor. *Reis v. State*, 88 N.E.3d 1099, 1105 (Ind. Ct. App. 2017). Because Middleton's extensive criminal history over the last two decades is comprised primarily of drug offenses, we conclude that it reflects very poorly on Middleton's character.

[16] With respect to substance abuse, Middleton's presentence investigation report reveals that he began consuming illegal substances at a young age. At the time of sentencing, Middleton was thirty-seven years old. He began using marijuana at age eleven, alcohol at age thirteen, and methamphetamine at age twenty-seven. In fact, Middleton reported using all three on a daily basis and has never completed a substance abuse treatment program. There is no evidence that he ever sought treatment either.

[17] Middleton acknowledges that substance abuse has been "the source of all of his past and present crimes [but believes a]ddressing that problem instead of a lengthy prison term for low level drug offenses could lead him to a new life instead of one likely to continue the same pattern." Appellant's Br. at 9.

Middleton also argues that he needs substance abuse treatment to be able to care for his son. Middleton has never completed treatment and despite his criminal history, previous incarcerations, and ongoing substance abuse, he has instead demonstrated a pattern of prioritizing criminal activity and substance abuse over seeking treatment. Although we commend Middleton for recognizing his addiction and expressing a desire for treatment, the trial court also took this into consideration when it recommended substance abuse treatment for Middleton while incarcerated. The trial court even indicated, in the abstract of judgment, that "[u]pon successful completion of the clinically appropriate substance abuse treatment program as determined by [the] DOC, [it] will consider a modification to this sentence." Appellant's App., Vol. II at 57. As a result, Middleton will have the opportunity to address his ongoing substance abuse problem while incarcerated and once completed, it *may* result in a sentence modification.

[18] And finally, Middleton contends his placement in the DOC rather than home detention constitutes an abuse of discretion. "The location where a sentence is to be served is an appropriate focus for application of our review and revise authority. It is not, however, subject to review for abuse of discretion." *King v. State*, 894 N.E.2d 265, 267 (Ind. Ct. App. 2008) (internal citation omitted). Therefore, we review Middleton's claim under the framework of Rule 7(B). It is quite difficult for a defendant to prevail on a claim that the placement of his or her sentence is inappropriate as it is our trial courts that know the feasibility of alternative placements in particular counties or communities. *Fonner*, 876

N.E.2d at 343. It is also difficult because, as we previously stated, the question under Rule 7(B) is not whether another sentence is more appropriate but rather whether the sentence imposed is inappropriate. *Id.* at 344. "A defendant challenging the placement of a sentence must convince us that the given placement is itself inappropriate." *Id.*

[19] Although community corrections may have approved Middleton for home detention, the trial court determined placement in the DOC was appropriate. In 2010, Middleton was charged with escape, which was later dismissed, and was convicted of failure to return to lawful detention. In addition, the record reveals that Middleton violated the terms of his probation in April and September of 2010, February 2012, August 2013, August 2015, and June 2016. Given Middleton's escape and failure to return charges, as well as his numerous probation violations, the trial court concluded, and we agree, that Middleton is not a good candidate for home detention. Middleton has failed to demonstrate his placement in the DOC is inappropriate.

[20] In sum, given Middleton's significant criminal history, we cannot say his twelve-year sentence in the DOC is inappropriate and we decline to revise his sentence.

## Conclusion

[21] Middleton's twelve-year sentence is not inappropriate in light of the nature of the offenses and his character. Accordingly, his sentence is affirmed.

[22]     Affirmed.

Crone, J., and Brown, J., concur.